COMMONWEALTH vs. WILLIAM J. AMRAL
(and four companion cases[1]).

Worcester. January 9, 1990. - May 29, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Search and Seizure*, Affidavit, Probable cause. *Constitutional Law*, Search
and seizure, Probable cause. *Probable Cause*. *Practice, Criminal*, Dis-
closure of identity of informer. *Identification*.

An affidavit submitted in support of an application for a search warrant, in
which an informant's reported observation of the contraband in the
place to be searched established the basis of the informant's tip, and in
which a factual asssertion that the informant had given information in
the past leading to arrests and convictions for similar offenses provided
a sufficient basis for the magistrate to determine independently that the
informant was reliable, was sufficient to justify the magistrate's issu-
ance of a search warrant. [514-515]

This court concluded that, in a case in which a criminal defendant by affi-
davit asserts facts that cast a reasonable doubt on the veracity of mate-
rial representations made by an affiant concerning a confidential in-
formant, the public interest in deterring police misconduct requires the
judge to exercise discretion to order an in camera hearing to determine
whether there has been a substantial preliminary showing that the affi-
ant has made false statements intentionally or recklessly. [515-523]

Although the defendants in a criminal case failed to make the substantial
preliminary showing that an affiant had made false statements concern-
ing a confidential informant intentionally or recklessly as required by
*Franks* v. *Delaware*, 438 U.S. 154 (1978), to entitle them constitution-
ally to a *Franks* hearing, this court remanded the case with the direc-
tion that the judge hold an in camera hearing, the purpose of which will
be to determine (through interrogating the affiant and, if necessary, the
informant) whether the defendants are constitutionally entitled to a
*Franks* hearing. [523-526]

LIACOS, C.J., concurring, expressed his disagreement with the court's con-
clusion that defense counsel shall be absolutely barred from a pre-
*Franks* in camera proceeding. [526-527]

[1]Two against Gordon L. Salisbury, one against Stephen G. Iwaniec, and
one against William J. Amral.

INDICTMENTS found and returned in the Superior Court Department on February 5, 1987.

Motions to suppress evidence were heard by *William H. Welch*, J.

The Commonwealth's application for an interlocutory appeal was allowed by *Nolan*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him.

*Claudia R. Sullivan*, Assistant District Attorney, for the Commonwealth.

*John J. Curley, III*, for Gordon L. Salisbury.

*Robert M. Bailey*, for William J. Amral, & *Edward W. McIntyre*, for Stephen G. Iwaniec, joined in a brief.

NOLAN, J. On February 5, 1987, the defendants, William J. Amral, Stephen G. Iwaniec, and Gordon L. Salisbury, were indicted for unlawful possession of a controlled substance. Amral and Salisbury were additionally charged with unlawful possession of hypodermic instruments. The indictments arose from a search conducted by officers of the Clinton police department pursuant to a search warrant on October 30, 1986. Each defendant moved to suppress the evidence seized during the search on the basis that there was no probable cause for the search warrant. The motion judge initially denied the motions to suppress concluding that the "[i]nformation [in the affidavit] came from a 'reliable informant' who described having seen drugs at the place where the search was made."[2] In addition to filing a motion to suppress, Salisbury filed a motion to require the Commonwealth to disclose information concerning the informant. In support of this motion, Salisbury filed an affidavit in which he identi-

---

[2]The affidavit in support of the search warrant revealed, among other things, that a "reliable informant" had told the affiant that on October 30, 1986, several people were separating cocaine and packaging it on the kitchen table at a certain residence. The affidavit revealed that the informant was in the residence on that date and saw them separating and packaging the cocaine. The affidavit also revealed that the informant had "given information in the past leading to the arrest and conviction of subjects for similar offenses."

fied the person whom he believed to be the informant. Salisbury asserted in his affidavit that to the best of his information, knowledge and belief, this person never previously had provided law enforcement authorities with any information leading to the arrest or conviction of any person for any drug-related criminal activity.[3]

At a hearing on the motion to require disclosure, the judge refused to order the Commonwealth to reveal the informant's name. He did, however, order the Commonwealth to provide some additional information concerning the arrests or convictions in which the informant's tips had proved helpful, such as the date, the name of the court where the complaint or indictment was issued or the name of the defendant in the earlier cases. After consulting with those police involved who were present in the courtroom when the motion was argued, the assistant district attorney refused to supply any additional information on the ground that, since all the parties knew each other, disclosing that information would be tantamount to revealing the name of the informant. The judge then revoked his earlier rulings which denied the defendants' motions to suppress and allowed those motions. In so doing, the judge found that the defendants made a "substantial preliminary showing that the information relative to the informant having provided reliable information in the past may well have been misstated and this would be a material misstatement." The Commonwealth then filed an application for an interlocutory appeal in this court which was granted by a single justice.[4] The Commonwealth submits that the judge acted improperly first by ordering the Commonwealth to disclose information concerning the informant and then by al-

---

[3]Iwaniec, in his affidavit in support of his motion to suppress also asserted, on information and belief, that the informant never had provided information to the Clinton police in the past leading to the arrest and conviction of other subjects. Salisbury alleged that the informant was one Roberto Lagos. Iwaniec, on the other hand, identified the informant as one Alberto H. Lagos.

[4]The motion judge granted a continuance pending the resolution of this interlocutory appeal.

lowing the defendants' motions to suppress when the Commonwealth refused to disclose that information. The defendants assert that the judge properly allowed the motions to suppress because the affidavit in support of the search warrant (1) lacked probable cause on its face, and (2) contained a material misstatement of fact which, when excised from the affidavit, proved fatal to the establishment of probable cause.

1. *The affidavit on its face.* The judge allowed the motions to suppress on the basis of his finding that the affidavit in support of the search warrant may well have contained a misstatement of fact which was necessary to a finding of probable cause. The judge did not find the affidavit insufficient on its face.[5] If, however, the affidavit was insufficient on its face to provide probable cause for the warrant to issue, the judge properly suppressed the evidence. We, therefore, address the sufficiency of the affidavit on its face. We hold that the affidavit was sufficient on its face to provide probable cause for the warrant to issue.

"For an informant's information to pass muster under art. 14 of the Declaration of Rights of the Massachusetts Constitution, the affidavit must apprise the magistrate of some facts and circumstances showing both (1) the basis for the informant's tip (basis test), and (2) the credibility of the informant or the reliability of his information (veracity test)." *Commonwealth* v. *Ramos*, 402 Mass. 209, 212 (1988). *Commonwealth* v. *Upton*, 394 Mass. 363, 374-375 (1985). The informant's observation of the contraband in the place to be searched satisfies the basis of knowledge test. See *Common-*

---

[5] The judge, in fact, appears to have found that the affidavit was sufficient on its face. The judge initially denied the motions to suppress concluding that the "information in the affidavit was sufficient so that the issuing magistrate would have reasonable grounds to believe it was more probable than not that a crime had been or was being committed and that the drugs probably were in the place to be searched." Thus, the judge at least initially found the affidavit sufficient on its face. Only after finding that the defendants had made a preliminary substantial showing that the affidavit contained a material misstatement of fact did the judge allow the defendants' motions to suppress.

*wealth* v. *Ramos, supra* at 214; *Commonwealth* v. *Borges,* 395 Mass. 788, 795 (1985). We, therefore, need only discuss the informant's credibility or the reliability of his information.

A warrant affidavit should inform the magistrate of some of the underlying circumstances from which the affiant may conclude that the informant, whose identity need not be disclosed, was "credible" or his information "reliable." See *Aguilar* v. *Texas,* 378 U.S. 108, 114 (1964). In this case, the warrant affidavit informed the magistrate that the informant had "given information in the past leading to the arrest and conviction of subjects for similar offenses." In *Commonwealth* v. *Rojas,* 403 Mass. 483, 486 (1988), we held that "[a] naked assertion that in the past the informant had provided information which led to a prior arrest is insufficient by itself to establish an informant's veracity." In this case, the warrant affidavit informed the magistrate that the informant had "given information in the past leading to the arrest *and conviction* of subjects for similar offenses" (emphasis added). This factual assertion provided sufficient basis for the magistrate to determine independently that the informant was reliable. See *Commonwealth* v. *Brzezinski,* 405 Mass. 401, 406-407 (1989) (stating that, if reference to convictions were struck, affidavit would fail to establish probable cause); *Commonwealth* v. *Ramos,* 402 Mass. 209, 213 (1988) (elaborate specificity not required to show probable cause). The affidavit was sufficient on its face.

2. *The truthfulness of the search warrant affidavit.* The Commonwealth contends that the judge acted improperly (1) when he ordered the Commonwealth to disclose information concerning the informant, and (2) when he allowed the defendants' motions to suppress after the Commonwealth refused to disclose that information. We vacate the order to disclose and the suppression orders and remand the case for proceedings not inconsistent with this opinion.

We are faced with the question of how to balance the public interest in protecting and encouraging informants against the public interest in deterring police misconduct. In con-

ducting this balance, we are mindful that, although a criminal defendant may in certain limited circumstances have a constitutional right to a hearing on the veracity of statements made in a warrant affidavit, see *Franks* v. *Delaware*, 438 U.S. 154, 155-156 (1978), he or she has no constitutional right to suppression. Suppression is a remedy designed by the courts, as a matter of policy, to deter future police misconduct. *Franks* v. *Delaware*, 438 U.S. 154, 165-166 (1978). *United States* v. *Calandra*, 414 U.S. 338, 347-348 (1974). The informer privilege, with its roots in the English common law, see *In re United States*, 565 F.2d 19, 22 (2d Cir. 1977), cert. denied sub nom. *Bell* v. *Socialist Workers Party*, 436 U.S. 962 (1978); The Use of In Camera Hearings in Ruling on the Informer Privilege, 8 U. Mich. J.L. Ref. 151, 153 (1974), is long standing in this Commonwealth. See *Worthington* v. *Scribner*, 109 Mass. 487, 488 (1872). This privilege serves a substantial, worthwhile purpose in assisting police in obtaining evidence of criminal activity. The basis for the privilege is the proposition that an informer may well suffer some sort of reprisal if his or her identity is disclosed. For examples of cases where informants may have suffered reprisal, see *United States* v. *Toombs*, 497 F.2d 88, 90 n.1 (5th Cir. 1974); *Swanner* v. *United States*, 406 F.2d 716, 717 (5th Cir. 1969); *Schuster* v. *City of New York*, 5 N.Y.2d 75, 79 (1958).

The United States Supreme Court has stated that: "A genuine privilege, on . . . fundamental principle . . . , must be recognized for the *identity of persons supplying the government with information concerning the commission of crimes.* Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity — to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the iden-

tity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship. That the government has this privilege is well established, and its soundness cannot be questioned." (Emphasis in original.) *McCray* v. *Illinois*, 386 U.S. 300, 308-309 (1967), quoting 8 J. Wigmore, Evidence § 2374 (McNaughton rev. ed. 1961).

In *McCray* v. *Illinois*, *supra* at 310-312, the Court discussed the informer's privilege in the context of a preliminary hearing to determine probable cause,[6] and concluded that the due process clause of the Fourteenth Amendment to the United States Constitution did not require the State to

---

[6]Ten years earlier, in *Roviaro* v. *United States*, 353 U.S. 53 (1957), the Supreme Court had occasion to discuss the informer's privilege, not at a preliminary hearing to determine probable cause for an arrest or search, but at the trial itself where the issue was the fundamental one of innocence or guilt. The Court held that where, in an actual trial of a Federal criminal case, "the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure and, if the Government withholds the information, dismiss the action." (Footnotes omitted.) *Id.* at 60-61. Roviaro implicated a one on one confrontation. The Court declined to formulate a fixed rule on the subject, however. "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. That the *Roviaro* Court was exercising its supervisory power over the law of evidence in Federal courts and not determining a constitutional question is made explicit in *McCray* v. *Illinois*, 386 U.S. 300, 309 (1967). The *Roviaro* Court did state, however, that "[a] further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro* v. *United States*, *supra* at 60-61. *Scher* v. *United States*, 305 U.S. 251, 254 (1938). *Commonwealth* v. *Lugo*, 406 Mass. 565, 570 (1990).

expose an informant's identity routinely, on the mere demand of a defendant, when there was ample evidence to show that the informant was reliable and his information credible. See *Franks* v. *Delaware*, 438 U.S. 154, 170 (1978).

The Court distinguished between the need for disclosure at a pretrial suppression hearing and at the trial proper, stating that it "has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, *let alone in a preliminary hearing to determine probable cause for an arrest or search*" (emphasis supplied). *McCray* v. *Illinois, supra* at 312. Courts addressing this issue have maintained this distinction between a demand for disclosure at a pretrial hearing (where the issue is probable cause for an arrest or search), and a demand for disclosure at trial (where the issue is the defendant's ultimate guilt or innocence). See *Commonwealth* v. *Lugo*, 406 Mass. 565, 571 (1990), and cases cited. In *Commonwealth* v. *Johnson*, 365 Mass. 534, 545 (1974), and, more recently, in *Commonwealth* v. *Lugo, supra*, we noted that "it is revealing of the courts' approach that nondisclosure is rather readily countenanced at pre-trial hearings, but not so at the trial itself." *Johnson, supra* at 545.

However, rather than establishing a hard and fast rule prohibiting disclosure in all warrant affidavit cases no matter what the circumstances, the courts generally leave disclosure to the sound discretion of the judge hearing the motion. See *McCray* v. *Illinois, supra* at 308 (it should rest entirely with judge who hears motion to decide whether officer is believable witness); *Commonwealth* v. *Abdelnour*, 11 Mass. App. Ct. 531, 535 (1981), and cases cited. The Court in *McCray* and *Roviaro, supra*, see note 6, *supra*, offers little guidance, however, in determining whether and in what circumstances a judge may require the government to identify an informant in the course of considering a defendant's claim that an affidavit contains intentionally or recklessly made false statements.

The Court's decision in *Franks* v. *Delaware*, 438 U.S. 154 (1978), is no more helpful concerning this issue.[7] In *Franks*, the Court determined whether a defendant in a criminal proceeding ever has the right, under the Fourth and Fourteenth Amendments to the United States Constitution, subsequent to the ex parte issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant. *Id.* at 155-156. In *Franks*, the Supreme Court of Delaware had held that a defendant in no circumstances may challenge the veracity of a sworn statement used by police to procure a search warrant. The United States Supreme Court reversed, holding that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.[8] In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same ex-

---

[7]Although cognizant of a defendant's dilemma in such a situation, the Supreme Court in *Franks* chose not to address it: "[B]ecause we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made." *Franks* v. *Delaware, supra* at 170. This statement fails to acknowledge that an affiant's representation of having spoken with an informant or having received information from that informant in the past which led to arrests and convictions involves the affiant's own activities. See *Commonwealth* v. *Douzanis*, 384 Mass. 434, 440 n.9 (1981).

[8]It should be noted that a *Franks* hearing is designed to examine whether the *affiant* intentionally or recklessly included false statements in an affidavit. The hearing is not designed to impeach the informant's veracity.

tent as if probable cause was lacking on the face of the affidavit." *Id.* at 155-156. Thus, judicial inquiry into the veracity of the underlying facts contained in a search warrant affidavit is limited to whether the affidavit did in fact contain misstatements by the affiant and whether the misstatements were made intentionally or with reckless disregard for the truth. *Commonwealth* v. *Corriveau*, 396 Mass. 319, 334 (1985). Only if both these inquiries are answered affirmatively will the court consider an appropriate remedy. *Id.*

When the informant is named in the affidavit, the defendant may investigate and interview the informant to determine the affiant's veracity. Where, however, the basis for the probable cause rests in the alleged "reliability" of a particular confidential informant and in statements attributed to a confidential informant, the defendant has no similar opportunity to investigate and to interview the informant as to the affiant's veracity (unless the informant's identity is disclosed). In such a situation, the defendant lacks access to the very information that *Franks* requires for a threshold showing. See *United States* v. *Brian*, 507 F. Supp. 761, 766 (D.R.I. 1981), aff'd sub nom. *United States* v. *Southard*, 700 F.2d 1, 7-12 (1st Cir.), cert. denied sub nom. *Ferris* v. *United States*, 454 U.S. 823 (1983). Moreover, a judge, in ruling on the issue, will frequently need additional information concerning the confidential informant (and may perhaps need to interview the informant). See *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981); *United States* v. *Lopez*, 328 F. Supp. 1077, 1091 (E.D.N.Y. 1971); The Use of In Camera Hearings in Ruling on the Informer Privilege, 8 U. Mich. J.L. Ref. 151, 167 (1974).

Clearly, this information cannot (and need not) be routinely revealed to the judge in open court. We have recognized the use of an in camera hearing to reconcile the conflict between the government's interest in protecting the informant and the defendant's interest in proving that the affiant lied as to the existence or "reliability" of an informant or as to statements attributed to an informant. *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981). Several

other Federal and State courts have also recognized the use of in camera hearings in this context. See, e.g., *United States* v. *Kiser*, 716 F.2d 1268, 1273 (9th Cir. 1983); *United States* v. *Brian*, 507 F. Supp. 761, 766 (D.R.I. 1981); *United States* v. *Lopez*, 328 F. Supp. 1077, 1091 (E.D.N.Y. 1971); *State* v. *Casal*, 103 Wash. 2d 812, 820 (1985). See generally 1 W.R. LaFave, Search and Seizure § 3.3(g) (2d ed. 1987). An in camera hearing enables the judge to make an informed decision regarding the defendant's challenge to the affidavit while upholding the government's interest against unwarranted disclosure of its informant's identity.

In *Commonwealth* v. *Douzanis*, 384 Mass. 434 (1981), this court discussed the conflict between an informer's privilege and a defendant's interest in proving that an affiant lied concerning the existence or "reliability" of an informant or statements attributed to the informant. *Id.* at 440-443. In *Douzanis*, we reached some tentative conclusions which bear on this issue. See *Commonwealth* v. *Abdelnour*, 11 Mass. App. Ct. 531, 535-537 & n.5 (1981). We first stated that the conflict might be resolved by a judge holding a preliminary hearing (prior to a *Franks* hearing) at which the affiant testifies but does not disclose the informant's identity. *Commonwealth* v. *Douzanis*, *supra* at 441-442. This hearing may provide the judge with an adequate means to test the affiant's veracity. See *McCray* v. *Illinois*, 386 U.S. 300, 313 (1967) (where arresting officers were subject to cross-examination and testified in open court, judge, obviously satisfied that officers were telling the truth, properly exercised discretion to respect informer's privilege).

We further stated that a defendant has no constitutional right to an in camera hearing absent a "substantial preliminary showing." *Commonwealth* v. *Douzanis*, *supra* at 443. Cf. *Commonwealth* v. *Abdelnour*, *supra* at 535-536 (requests for disclosure in warrant affidavit cases should be denied without hearing unless defendant makes an "adequate threshold demonstration" either that police have fabricated informant's existence or past history of reliability, or that police have relied upon and used information they knew was

patently unreliable). Nevertheless, we ruled, a trial judge
would not abuse his or her discretion by holding a hearing
and ordering disclosure in camera when he or she is "not sat-
isfied that the information was received from an informer
reasonably believed to be reliable or credible." *Douzanis,*
*supra* at 442-443, quoting Proposed Mass. R. Evid. 509 (c)
(3).[9]

Today, we hold that the public interest in deterring police
misconduct requires the trial judge to exercise his or her dis-
cretion to order an in camera hearing where the defendant
by affidavit asserts facts which cast a reasonable doubt on
the veracity of material representations made by the affiant
concerning a confidential informant.[10] Mere suspicion that
there was no informant, or that the informant's "reliability"
credentials have been misstated, or that his information was
other than as recited by the affiant, is not enough to trigger
an in camera hearing, but an assertion of facts tending to
confirm such a suspicion is sufficient. Otherwise, the very fal-
sity that the defendant seeks to expose may forever be hidden
as a result of the defendant's inability to establish who the
informant was.

The purpose of the in camera hearing would be to enable
the judge through interrogating the affiant, and, if necessary,
the informant to determine whether there is a substantial
preliminary showing that the affiant has made false state-

---

[9]Other courts have reached similar conclusions, approving the discre-
tionary use of an in camera hearing after some showing of falsity by the
defendant. See, e.g., *United States* v. *Kiser,* 716 F.2d 1268, 1273 (9th Cir.
1983); *United States* v. *Hurse,* 453 F.2d 128, 130-131 (8th Cir. 1971),
cert. denied, 414 U.S. 908 (1973); *United States* v. *Brian, supra* at 766.

[10]Other courts have held that a defendant is entitled to an in camera
hearing even absent the "substantial preliminary showing" of falsity re-
quired by *Franks.* See *State* v. *Casal,* 103 Wash. 2d 812, 818-820 (1985)
(where defendant "casts a reasonable doubt" as to veracity of material
representations made by the affiant, judge should exercise discretion to
conduct in camera hearing on veracity issue); *United States* v. *Brian,*
*supra* at 766 (where defendant makes "some minimal showing of inconsis-
tency on the face of the government's material" which supports assertion
of deliberate or reckless disregard for the truth, court may, and probably
should, conduct in camera hearing).

ments intentionally or recklessly. Cf. *United States* v. *Kiser, supra.* In other words, the purpose of the in camera hearing is to determine whether the defendant has a right to a *Franks* hearing. If the showing is not made, there shall be no *Franks* hearing. If the showing is made, a *Franks* hearing is held at which point the judge may order disclosure. If the judge orders disclosure at the *Franks* hearing and the Commonwealth declines, the motion to suppress should be allowed.

We apply these principles to the case before us. The judge found that the defendants made a "substantial preliminary showing that the information relative to the informant having provided reliable information in the past *may well have been* misstated and this would be a material misstatement" (emphasis supplied). Clearly, the judge did not find that the defendants had made the showing required by *Franks* to entitle them constitutionally to a *Franks*-type hearing. See *Franks* v. *Delaware, supra* at 155-156. Moreover, the defendants' showing would not support such a determination. Although the defendants have made a stronger showing in this case than have defendants in prior cases, cf. *Commonwealth* v. *Ramos*, 402 Mass. 209, 215 & n.5 (1988) (where defendant failed to make "substantial preliminary showing" by merely offering his own account of events in question); *Commonwealth* v. *Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 775 (1981) (no hearing required where defendant made no showing that affiant had any reason to doubt truth of statements given to him), we hold that the defendants have failed to make the substantial preliminary showing required by *Franks* to entitle them constitutionally to a *Franks* hearing. It follows that the defendants also failed to make the showing necessary under *Franks* to warrant suppression of the evidence. We, thus, vacate the orders to suppress.

We, nevertheless, remand the case with the direction that the judge hold an in camera hearing, the purpose of which will be to determine (through interrogating the affiant and, if necessary, the informant) whether the defendants are constitutionally entitled to a *Franks* hearing. The defendants have

asserted, by affidavit, facts which tend to confirm their suspicions and which cast a reasonable doubt on the veracity of the statements made by the affiant in the warrant affidavit. See *State* v. *Casal,* 103 Wash. 2d 812, 820 (1985). The defendants produced affidavits in support of their challenges to the veracity of the statement in the search warrant affidavit. In these affidavits, two of the defendants named the person whom they believed to be the informant and set forth their reasons for challenging the truthfulness of the statement in the warrant affidavit concerning the reliability of that particular informant. Salisbury filed an affidavit identifying the person who he believed was the informant. In the affidavit, Salisbury asserted that to the best of his information, knowledge, and belief, this person never previously had provided law enforcement authorities with information leading to the arrest or conviction of any person for any drug-related offense. On the strength of this affidavit alone, no in camera hearing would be required. Iwaniec also filed an affidavit asserting, on information and belief, that the informant never previously had provided information to the Clinton police department in the past leading to the arrest and conviction of other subjects. In his affidavit, Iwaniec named the person he believed was the informant, and asserted that he believed this person had traded information in exchange for a favorable plea bargain relative to charges pending against him. In addition, Iwaniec stated in his affidavit that this person had demanded $100 allegedly owed him by one of the codefendants and that, on information and belief, this same individual was seen entering the Clinton police station with his wife and son on that same date. Shortly thereafter, the Clinton police obtained the search warrant in question. These factual assertions tend to confirm the defendants' suspicions. The public interest in deterring police misconduct requires that the judge hold an in camera hearing in this case. The purpose of this hearing is to enable the judge to determine (through interrogating the affiant, the informant or any other person he deems necessary) whether the defendants have made a threshold, substantial preliminary showing. We emphasize

that the defendants' entitlement to an in camera hearing in the context of these cases arises not from any constitutional right but from the public interest in deterring police misconduct. The in camera inquiry is not a substitute for a *Franks* evidentiary hearing. Indeed, the purpose of the hearing is to determine whether the defendants are entitled to a *Franks* hearing. If the judge finds, in the in camera hearing, that such a showing has been made, the defendants are entitled to a *Franks* hearing at which the judge may order disclosure. At any time, the prosecutor may opt to stipulate to suppression of the evidence or to dismiss the charges against a defendant rather than allow the identity of the informant to be revealed to the judge.

In structuring the in camera hearing, the judge is to follow these procedural guidelines. The judge may conduct an in camera hearing without counsel or he may, in his discretion, permit the prosecutor, but not defense counsel, to attend the in camera hearing. Counsel who will not be present at the hearing may submit a limited number of questions which the judge may ask. See *State* v. *Casal, supra* at 821; *People* v. *Darden*, 34 N.Y.2d 177, 180 (1974); *United States* v. *Rawlinson*, 487 F.2d 5, 8 n.5 (9th Cir. 1973), cert. denied, 415 U.S. 984 (1974). A transcript of the in camera hearing shall be made and sealed for possible appellate review. Moreover, precautions shall be taken to protect the identity of the informant, including holding the in camera hearing at a place other than the courthouse if deemed necessary to guarantee the informant's anonymity.

The substance of the in camera hearing we leave to the discretion of the trial judge. We emphasize, however, that if the judge determines following the in camera hearing that the defendant has failed to make the "showing" required for a *Franks* hearing, the judge shall inform the defendant only that the required showing has not been made. The judge shall neither reveal the informant's identity nor reveal whether any person named by the defendants was the informant.

For the foregoing reasons, we vacate the order to disclose[11] and the orders to suppress. We remand the case to the Superior Court with the direction that the judge hold an in camera hearing for the purpose and in the manner outlined above.

*So ordered.*

LIACOS, C.J. (concurring). I write separately to express my disagreement with the court's conclusion that defense counsel shall be absolutely barred from a pre-*Franks* in camera proceeding.

Underlying this court's blanket prohibition of defense counsel from the in camera hearing is the insulting assumption that criminal defense attorneys simply cannot be trusted. I remind the court that many defense attorneys are paid public servants who work for the Committee for Public Counsel Services and that all defense attorneys take the same oath to uphold the laws of the Commonwealth as do their prosecuting brethren. I find disturbing the court's willingness to assume that defense counsel will be unable to refrain from disclosing to their clients any revelations made during the in camera hearing.

I would allow defense counsel to be present at the in camera proceeding. See *United States* v. *Anderson*, 509 F.2d 724, 729-730 (9th Cir.), cert. denied, 420 U.S. 910 (1975); *In re United States*, 565 F.2d 19, 23 (2d Cir. 1977), cert. denied sub nom. *Bell* v. *Socialist Workers Party*, 436 U.S. 962 (1978); *United States* v. *Grisham*, 748 F.2d 460, 465 (8th Cir. 1984) (Heaney, J., concurring in part and dissent-

---

[11]In the circumstances of these cases, we cannot fault the judge for ordering the Commonwealth to disclose further information at that particular point in the proceedings. The record reveals that it was not until *after* the judge ordered disclosure that the Commonwealth asserted its privilege. Prior to this assertion, it appears that the trial judge was unaware that his order to disclose further information would be tantamount to revealing the informant's identity. Nevertheless, for the reasons outlined above, we vacate the order to disclose.

ing in part); *Commonwealth* v. *Miller*, 513 Pa. 118, 134-135 (1986); *State* v. *Russell*, 580 S.W.2d 793, 794 (Tenn. Crim. App. 1978). If the motion judge considers it necessary, he could, in his discretion, "place defense counsel under enforceable orders against unwarranted disclosure of the evidence that he has heard." *Anderson, supra* at 730.

Because defense counsel's presence at the in camera hearing would help ensure that the defendant's interests are adequately represented, the motion judge should be able to invite him to the proceeding. Because I otherwise agree with the result in this case, I concur.