COMMONWEALTH vs. DARREN F. JOHN.

No. 93-P-251.

Middlesex. October 21, 1993. - June 23, 1994.

Present: BROWN, SMITH, & GREENBERG, JJ.

*Search and Seizure*, Affidavit, Warrant. *Practice, Criminal*, Disclosure of identity of informant, Discovery, Dismissal.

A District Court judge erred in dismissing a criminal complaint for the Commonwealth's failure to comply with an order allowing the defendant's discovery motions, which sought further information about a confidential informant's "controlled buys" of cocaine from the defendant as alleged in an affidavit in support of a search warrant for the defendant's apartment, where the defendant had not asserted any facts by affidavit in support of his discovery motions to overcome the presumption of the warrant's validity or to entitle him to a *Franks (Franks v. Delaware*, 438 U.S. 154 [1978]) or *Amral (Commonwealth v. Amral*, 407 Mass. 511 [1990]) hearing, and where production of the information sought would likely have resulted in the disclosure of the confidential informant's identity. [705-707]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on July 20, 1992.

Motions for discovery, motions for reconsideration, and a motion to dismiss were heard by *Severlin B. Singleton, III, J.*

*Gerard A. Butler, Jr.*, Assistant District Attorney, for the Commonwealth.

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.

SMITH, J. On July 13, 1992, one Kantor, a Cambridge police detective, applied for a warrant to search certain premises in Cambridge and also the person of the defendant. The supporting affidavit set forth, among other things, that a confidential informant, who had given information in the past which had resulted in the seizure of narcotics, had participated in three controlled purchases of cocaine from the de-

fendant within two weeks prior to the date of the affidavit. Although the affidavit reported the three controlled buys, it did not specify their dates, locations, times, the amount of money used, or the amount of cocaine purchased. In that regard the affiant stated that the confidential informant wished to remain anonymous "because it fears for its safety should its identity be revealed." The warrant issued and was executed by members of the Cambridge police department on July 17, 1992. A quantity of cocaine was seized in the defendant's apartment as a result of the search. On July 20, 1992, the defendant was arraigned in Cambridge District Court on a complaint charging him with possession of a Class B controlled substance with intent to distribute.

On July 31, 1992, the defendant filed several motions including two discovery motions. One discovery motion was entitled "Motion for Police Logs Relating to Alleged Controlled Buys" and sought "any and all police logs, notes, reports, relating to the controlled buys that allegedly occurred in this case." The other discovery motion was entitled "Motion for Discovery of Particulars Regarding Alleged Controlled Buys" and sought "the date, time, place, manner and means by which the alleged controlled buys were made in this case." In support of his motion to examine the police logs, the defendant stated that "the requested information is relevant and helpful to the defense and is essential to a fair determination in this case." The motion for particulars stated that "the defendant has been provided with no meaningful notice as to these particulars and is not in a position to evaluate the accuracy of the search warrant affidavit without said information."

On August 31, 1992, a District Court judge allowed the discovery motions and ordered the Commonwealth to comply with the court's order by September 14, 1992. On that date, the Commonwealth failed to comply with the order and instead filed a motion to reconsider. In support of its motion, the Commonwealth filed an affidavit from the prosecutor stating that he had conferred with Detective Kantor, who told him that the information ordered by the judge "would

reasonably identify his confidential informant" and, there-
fore, would endanger the informant's safety and deter future
cooperation of the informant and other informants. Further,
the prosecutor noted that the informant was not a percipient
witness to the crime that was charged in the complaint and
the Commonwealth did not intend to use at trial any infor-
mation described by the informant.[1]

On September 17, 1992, the judge denied the Common-
wealth's motion to reconsider with a notation that the Com-
monwealth was "to provide discovery as ordered without re-
vealing the identity of [the] informant." The judge also ruled
that "the Commonwealth [was] to redact the informant code
on the log sheet prior to providing a copy of the sheet to the
defendant." On September 22, 1992, the Commonwealth
filed a second motion to reconsider. That motion was accom-
panied by a supplemental affidavit of the prosecutor. He
averred that the police log showed the date and amount of
money given to the informant by Detective Kantor and the
amount of payment "could narrow the field of possible infor-
mants because the amount of purchase, if unusual, will serve
as an identifying factor." The second motion for reconsidera-
tion was denied by the judge.

On October 28, 1992, the defendant filed a motion to dis-
miss the complaint on the ground that his "right to a fair
trial will be severely prejudiced by the Commonwealth's fail-
ure to produce the ordered discovery." In support of the de-
fendant's motion, defense counsel submitted an affidavit in
which she recited the procedural history. After listening to
arguments, the judge ordered the complaint to be dismissed.[2]
The Commonwealth has appealed from the allowance of the

---

[1]The confidential informant was a participant in the sales of the narcot-
ics. The defendant, however, was not charged with those sales but rather
was the subject of a complaint that charged him with possession of narcot-
ics with intent to distribute. That charge refers to the narcotics that were
found by the police on the defendant's premises, during the execution of
the warrant. The Commonwealth would not need the testimony of the con-
fidential informant at trial to prove its case on the possessory offense.

[2]The judge filed a document entitled "Findings of Fact." However, the
document only contained a procedural history of the case.

defendant's motions and the subsequent dismissal of the complaint. We reverse.

It is readily apparent from this record that the defendant intended to use the information, if it was helpful, to attack the credibility of the affiant by attempting to show that the controlled buys never took place and that the affiant intentionally fabricated the existence of the confidential informant. In order to have a hearing on such a matter, a defendant is required to make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks* v. *Delaware*, 438 U.S. 154, 155-156 (1978). Where, as here, probable cause for the issuance of the warrant rests on the statement of a confidential informant, a judge is required to exercise his or her discretion to order an in camera hearing, the purpose of which is "to enable the judge through interrogating the affiant, and, if necessary, the informant to determine whether there is a substantial preliminary showing that the affiant has made false statements intentionally or recklessly." *Commonwealth* v. *Amral*, 407 Mass. 511, 522-523 (1990). However, in order to necessitate an *Amral* hearing, a defendant must "by affidavit assert[ ] facts which cast a reasonable doubt on the veracity of material representations made by the affiant concerning a confidential informant." *Id.* at 522.

Here, the defendant acknowledged that he did not have any information sufficient to make the showing required by *Franks* and *Amral*, and he argued that the judge should allow his motions so he could obtain more information.

It is clear that "a judge may in his discretion order discovery of information necessary to the defense of a criminal case (Mass.R.Crim.P. 14[a][2], 378 Mass. 874 [1979]), and that, on failure of the Commonwealth to comply with a lawful discovery order, the judge may impose appropriate sanctions, which may include dismissal of the criminal charge (Mass.R.Crim.P. 14[c][1], 378 Mass. 880 [1979])." *Commonwealth* v. *Douzanis*, 384 Mass. 434, 436 (1981). The Commonwealth argues, however, that here the allowance of

the discovery motions which resulted in the dismissal of the complaint was "unlawful."

There are two arguments in support of the Commonwealth's position. First, "[t]here is . . . a presumption of validity with respect to the affidavit supporting the search warrant." *Franks* v. *Delaware*, 438 U.S. at 171. Here, the defendant is seeking information concerning certain facts contained in the affidavit supporting the search warrant. Yet, the defendant did not assert by affidavit or otherwise (see *Commonwealth* v. *Ramirez*, 416 Mass. 41, 42-44, 50-52 [1993]) any facts, independent of the facts contained in the warrant affidavit, that would support the allowance of his discovery motions. A discovery motion, by itself, seeking information about facts contained in the warrant affidavit, is not sufficient to overcome the presumption of validity.

The second argument concerns the disclosure of the informant's identity. The Commonwealth argued that the allowance of the discovery motions would result in the disclosure of the identity of the confidential informant.

"The government's privilege not to disclose the identity of an informant has long been recognized in this Commonwealth." *Commonwealth* v. *Douzanis*, 384 Mass. at 441. "[T]here is a special governmental interest in encouraging communication to law enforcement agencies of information which may be otherwise unobtainable, and protection of the informer is a factor in the inducement." *Commonwealth* v. *Johnson*, 365 Mass. 534, 544 (1974).

Here, the defendant denied that he wanted the identity of the informant disclosed; and the judge, in his order allowing the discovery motions, stated that the Commonwealth need not identify the informant. But the privilege not only protects the release of the *name* of the informant but also forbids the disclosure of details that would in effect identify the informant. See *Commonwealth* v. *Douzanis*, 384 Mass. at 436 n.4; *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 838 n.7 (1989). Had the Commonwealth complied with the judge's order, it likely could have resulted in the disclosure of

the informant's identity.[3] We note that the disclosure would not be of assistance to the defendant at a trial (see note 1, *supra*) but only perhaps at a *Franks* hearing. See *Commonwealth* v. *Johnson*, 365 Mass. at 545 ("nondisclosure [of an informant's identity] is rather readily countenanced at pre-trial hearings, but not so at the trial itself").

In sum, we hold that, on this record, the judge abused his discretion in allowing the discovery motions and subsequently dismissing the complaint.

The order allowing the motion to dismiss the complaint and the order allowing the defendant's discovery motions are reversed. The matter is remanded to the District Court for further proceedings.

*So ordered.*

---

[3]According to the affidavit, before each controlled buy, the confidential informant called the defendant's pager number, and each time the defendant called the informant back and made arrangements to meet at certain locations. Each time the defendant walked alone to the location from his apartment. It may be inferred from those statements that the locations were close to the defendant's apartment. The fact that the defendant was unaccompanied demonstrates that the defendant was well acquainted with the informant and believed that the informant was no threat to him.

Further, according to the affidavit, the second controlled buy took place "[w]ithin the last six days," and the third controlled buy "[w]ithin the past three days." Thus, the dates of at least the last two buys coupled with the other information sought by the defendant could, in effect, identify the informant.