COMMONWEALTH vs. ACACIO PINTO.

No. 97-P-0557.

Essex. September 16, 1998. - November 23, 1998.

Present: PORADA, GILLERMAN, & BECK, JJ.

*Controlled Substances. Search and Seizure,* Package, Probable cause, Trained dog, Warrant, Affidavit. *Constitutional Law,* Search and seizure, Reasonable suspicion, Probable cause. *Probable Cause. Evidence,* Consciousness of guilt, Relevancy and materiality. *Practice, Criminal,* Instructions to jury, Loss of evidence by prosecution.

A criminal defendant was not entitled to an evidentiary hearing on a motion to suppress, where he did not request it or otherwise raise the issue of the reliability of a dog trained to detect contraband substances [791-792, 793]; further, the motion judge ruled correctly that, under the applicable Federal law, there was reasonable suspicion for postal authorities to expose a certain package to a dog sniff [792-793]; and the dog's positive response, along with other information set forth in an affidavit, established probable cause to issue a Federal search warrant [793] and an anticipatory State search warrant [793-795].

At a criminal trial, there was no error in the judge's allowing the prosecution to question the defendant about his defaults in the case and instructing the jury regarding consciousness of guilt based on that evidence. [795]

Where the judge at a criminal trial reinstructed the jury, at their request, on the elements of the crimes charged, she was not required also to reinstruct the jury on reasonable doubt. [795]

There was no error at a criminal trial in the judge's exclusion of evidence, as too remote, that the defendant's sister's boyfriend had been arrested in 1996 for possession of the same kind of controlled substance that the defendant was charged with possessing in 1993. [795-796]

A criminal defendant did not demonstrate any prejudice from the loss of certain items, listed on the return of a search warrant but left behind at the scene at the time of the execution of the warrant, or from the judge's allowing police testimony about the items at trial. [796]

INDICTMENTS found and returned in the Superior Court Department on September 15, 1993.

A motion to suppress evidence was considered by *Elizabeth B. Donovan,* J., a motion for evidentiary hearing was considered

by *Patrick F. Brady*, J., and the cases were tried before *Barbara J. Rouse*, J.

*James E. McCall* (*Robert F. Benson, Jr.*, with him) for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.

PORADA, J. On appeal from his convictions for trafficking in cocaine and possession of steroids with intent to distribute, the defendant asserts the following claims of error: (1) the denial of his suppression motions and an *Amral/Franks* motion[1]; (2) the admission in evidence of his defaults in this case and the judge's instruction to the jury on consciousness of guilt based on that evidence; (3) the failure of the judge to reinstruct the jury on reasonable doubt; (4) the exclusion of evidence relating to the possession of steroids by his sister's boyfriend, whom the defendant claims to be the true culprit in this case; and (5) the admission in evidence of testimony regarding items, found in the execution of a search warrant, which were listed on the return of the warrant but which were not removed from the scene by the police and, thus, not produced by the Commonwealth for the defendant's inspection. We affirm the convictions.

1. *Motions to suppress and motion for Amral/Franks hearing.* The defendant argues that his motions to suppress were wrongly denied because he should have been afforded an evidentiary hearing to determine the reliability of the trained dog who made a positive "hit" on the United States postal service express mail package containing the illegal steroids; the dog sniff of the package constituted a warrantless, illegal search; and probable cause was lacking for the issuance of both the Federal and State warrants.

While it is correct that the defendant did file a discovery motion aimed at determining the reliability of the dog in detecting steroids, the defendant in his initial motion to suppress and the memorandum of law filed in support thereof did not challenge the reliability of the dog. Rather, he relied on claims that the postal inspector did not have probable cause or reasonable suspicion to detain the package and expose it to a dog sniff and that the dog sniff itself was indeed an illegal, warrantless search.

---

[1]See *Franks* v. *Delaware*, 438 U.S. 154, 155-156 (1978); *Commonwealth* v. *Amral*, 407 Mass. 511, 522 (1990).

Accordingly, based on those issues, the motion judge did not err in ruling on the suppression motions based solely on the affidavits filed in support of the issuance of the Federal warrant and the State warrant where the defendant did not challenge the truthfulness of any statements contained in the affidavits.[2] See *Commonwealth* v. *Cefalo*, 381 Mass. 319, 328 (1980); *Commonwealth* v. *Upton*, 394 Mass. 363, 367 (1985). Cf. *Commonwealth* v. *John*, 36 Mass. App. Ct. 702, 706 (1994) (a discovery motion, by itself, seeking information about facts contained in the warrant affidavit is not sufficient to overcome the presumption of validity of the warrant).

We now turn to the issue of probable cause. Where there is nothing in the record to suggest that at the time of the application for a search warrant by the postal inspector there was any involvement by a State official, the determination of the validity of the Federal warrant must be reviewed under Federal law. See *Commonwealth* v. *Jarabek*, 384 Mass. 293, 297 (1981); *Commonwealth* v. *Gonzalez*, 426 Mass. 313, 315-317 (1997). See also *Commonwealth* v. *DiPietro*, 35 Mass. App. Ct. 638, 641 n.4 (1993). Under Federal law, it is well settled that a temporary detention of personal property for investigative purposes is permissible when authorities have a reasonable suspicion of criminal activity. *United States* v. *Place*, 462 U.S. 696, 702-706 (1983). *United States* v. *Allen*, 990 F.2d 667, 671 (1st Cir. 1993). Probable cause is not required. *United States* v. *Place*, 462 U.S. at 703-706. Where the package in question was heavily duct-taped, hand-addressed to an individual rather than a business, had a fictitious return address and no named sender, and was sent from an airport known to be used by drug couriers, the motion judge was correct in ruling that reasonable suspicion existed for detaining the package to expose it to a dog sniff. *United States* v. *Allen*, 990 F.2d at 671. See *United States* v. *Lux*, 905

---

[2]Although the issue of the defendant's reasonable expectation of privacy in the package does not appear to have been challenged below and the motion judge erroneously found that the package was addressed to the defendant and, therefore, he had a reasonable expectation of privacy, it is unlikely that he had a reasonable expectation of privacy in the package where it was not addressed to him and he did not exhibit any possessory interest or control over the package at the time of its detention or subsequent search. *Commonwealth* v. *Pina*, 406 Mass. 540, 544-546, cert. denied, 498 U.S. 832 (1990). Thus, it would appear that there was no search in the constitutional sense under the Fourth Amendment and the motion could have been denied on this ground. *Id.* at 544.

F.2d 1379, 1382 (10th Cir. 1990); *United States.* v. *Daniel,* 982 F.2d 146, 150 (5th Cir. 1993).

It is equally well settled that a dog sniff of mail is not a search under the Fourth Amendment. *United States* v. *Place,* 462 U.S. at 706-707. While the defendant concedes that dog sniffs in certain circumstances have been held not to be searches, he argues that this principle should not be applied to express mail packages because of the sender's expectation of privacy in packages shipped via the United States mail and that art. 14 of the Declaration of Rights of the Massachusetts Constitution provides greater protection than the Fourth Amendment. Both arguments fail. As noted, there was no State involvement in the exposure of the package to a dog sniff or the application for the Federal warrant and thus we need not address whether a dog sniff is a search under art. 14. Also, as noted above, under Federal law, items in the United States mail, including express mail packages, may be exposed to a dog sniff if reasonable suspicion exists of criminal activity, and the detention is not of unreasonable length. *United States* v. *Allen,* 990 F.2d at 671. Accordingly, the motion judge was correct in determining that the dog's positive alert to the package within a short time following its detention, coupled with the other information set forth in the affidavit, established probable cause to issue the Federal search warrant.

Likewise, she did not err in concluding that probable cause existed for the anticipatory search warrant. Once the package was legally opened and the illegal steroids discovered, the matter was then turned over to local police in Massachusetts who properly could use this information in conjunction with information obtained in their own investigation that the defendant used steroids, had a prior arrest for possession of narcotics, and lived at that address to establish probable cause for the issuance of a search warrant.

Nevertheless, even if we were to assume that the judge should have waited until the defendant had completed his discovery before ruling on the suppression motions, any error was cured by the judge's allowing the defendant after her denial of the suppression motions to make a showing that an evidentiary hearing was warranted. In response thereto, the defendant filed a motion for an *Amral/Franks* hearing. See *Franks* v. *Delaware,* 438 U.S. 154, 155-156 (1978); *Commonwealth* v. *Amral,* 407 Mass. 511, 522 (1990). The motion was accompanied by an af-

fidavit of counsel which alleged that the dog employed in the sniff had not been trained to detect steroids and included a discussion of case law and materials suggesting why a dog sniff may not be considered reliable, and an affidavit of an expert witness attesting to the information needed by him to determine the reliability of the dog.

In denying the motion, the motion judge ruled that the defendant had failed to make a preliminary showing required under *Franks* that any information in the affidavit was false or misleading, or to point out anything in the discovery materials furnished to the defendant which would indicate the dog was unreliable. *Franks* v. *Delaware*, 438 U.S. at 171. We conclude that, although the reliability being challenged here is that of a trained dog rather than that of a confidential informant, it was incumbent upon the defendant to make a substantial preliminary showing before obtaining an evidentiary hearing that the affiant intentionally or recklessly distorted information about the dog's reliability in his affidavit. *Commonwealth* v. *Amral*, 407 Mass. at 522-523. *Commonwealth* v. *Oliveira*, 35 Mass. App. Ct. 645, 652 (1993).

Although we do not have the benefit of the discovery materials furnished by the Commonwealth to the defendant about the dog, the defendant does not point to anything in those materials which would demonstrate the dog's unreliability. Instead, he relies solely on the fact that the package contained steroids which the dog was not trained to detect. However, there has been no showing that the affiant misrepresented the substances which the dog was trained to detect or any other information about the dog in the affidavit furnished to the magistrate.

In addition, the fact that the package contained a substance other than the ones the dog was trained to detect is irrelevant in determining probable cause to issue the warrant because probable cause is assessed upon the information known to the authorities and presented at the time the warrant issues, and the defendant failed to demonstrate that any of that information was false or misleading. See *United States* v. *Allen*, 990 F.2d at 671 n.1 (the fact that the dog hit upon a package which contained a substance which he was not trained to find is irrelevant in determining probable cause); *United States* v. *Trayer*, 898 F.2d 805, 808 (D.C. Cir.), cert. denied, 498 U.S. 839 (1990) (a deviation of a drug dog from its training is not necessarily detrimental to its being relied upon to determine probable cause). The judge

did not err in concluding that the defendant had not made the necessary showing for an evidentiary hearing pertaining to this matter.

Finally, on the first day of trial the defendant filed a renewed motion to suppress. Upon the trial judge's inquiry whether the motion raised any issues not previously presented in his motions to suppress, the defendant responded that the same issues were presented. The trial judge denied the motion because those issues had been previously decided. There was no error in her doing so. *Commonwealth* v. *Miles*, 420 Mass. 67, 86 (1995).

2. *Evidence of defaults.* The defendant argues that the judge erred in allowing the prosecution to question the defendant about his defaults in this case. The judge did so only after the defendant had testified that he had left the United States because he did not want to testify against his sister. Because there was evidence that the defendant knew he was in default and that his motive for leaving the United States could well have been triggered by the pending charges against him, the judge did not abuse her discretion in allowing the prosecution to present this evidence. *Commonwealth* v. *Goldoff*, 24 Mass. App. Ct. 458, 466 (1987). *Commonwealth* v. *Gonzalez*, 42 Mass. App. Ct. 235, 240 n.5 (1997). See *Commonwealth* v. *Brown*, 394 Mass. 394, 397 (1985). There is also no merit to the defendant's contention that this evidence did not warrant an instruction on consciousness of guilt, which the transcript reveals he himself requested.

3. *Reasonable doubt instruction.* The defendant argues that the judge's failure to reinstruct the jury on reasonable doubt shifted the burden of proof to him and prejudiced him. The argument fails because the jury asked for a reinstruction only on the elements of the crimes charged. In response, the judge repeated the elements of each offense and reminded the jury that a guilty verdict required proof by the Commonwealth beyond a reasonable doubt. The judge was not required to do more. *Commonwealth* v. *Waite*, 422 Mass. 792, 807 n.11 (1996). *Commonwealth* v. *Watkins*, 425 Mass. 830, 841 n.13 (1997).

4. *Exclusion of evidence pertaining to a third party's use of steroids.* The defendant argues that he should have been permitted to introduce in evidence that his sister's boyfriend had been arrested for unlawful possession of steroids in 1996. The judge excluded this evidence as too remote from the incidents in question which occurred in 1993. In light of the lapse of time

between the two incidents, the judge did not abuse her discretion in excluding this evidence. *Commonwealth* v. *Rosa*, 422 Mass. 18, 22-23 (1996). In any event, the defendant did introduce evidence that the sister's boyfriend was arrested for unlawful possession of steroids in 1993[3] and did argue to the jury that the drugs could have belonged to his sister's boyfriend.

5. *Missing items set forth in the search warrant return.* Although a police officer was permitted to testify about various items listed on the return of the search warrant, which were found in the room adjoining that in which the package of illegal steroids was found, the items themselves were not produced for the defendant's inspection before trial or introduced in evidence because the police allegedly had left those items behind at the scene at the time of the execution of the warrant. As a result, the defendant argues that the admission of this evidence unfairly impaired his right to effective cross-examination. From the record, it is obvious that the trial judge in allowing the admission of this evidence applied the balancing test set forth in *Commonwealth* v. *Willie*, 400 Mass. 427, 432-433 (1987). Because the defendant did not demonstrate that access to this evidence would have produced anything favorable to his case, we conclude the judge did not abuse her discretion in allowing the police to testify about those items. In any event, defense counsel, in his closing argument, capitalized on this loss by pointing out the deficiencies in the Commonwealth's case against the defendant, see *Commonwealth* v. *Greenberg*, 34 Mass. App. Ct. 197, 204 (1993), and there was ample other evidence in the case to support a conviction. See *Commonwealth* v. *Sasville*, 35 Mass. App. Ct. 15, 26 (1993). Thus, it is unlikely that the prejudice, if any, to the defendant from the loss of this evidence was significant.

*Judgments affirmed.*

---

[3]Although the judge said she would instruct the jury to disregard this testimony when it was initially introduced, she did not. Subsequently, when the defendant testified again about the arrest of his sister's boyfriend, she did strike that testimony.