JEDEDIAH MORENO *vs.* COMMONWEALTH. September 21, 2010. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner, Jedediah Moreno, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

---

Moreno was indicted in December, 2007, on charges of cocaine trafficking in violation of G. L. c. 94C, § 32E (*b*), and possession of cocaine with intent to distribute within a school zone in violation of G. L. c. 94C, § 32J. He filed, in the Superior Court, several motions for a hearing pursuant to *Commonwealth* v. *Amral*, 407 Mass. 511 (1990), and *Franks* v. *Delaware*, 438 U.S. 154 (1978). Although his initial motions were denied, a judge eventually held a *Franks* hearing in January, 2010, in connection with Moreno's motion to suppress evidence.[1] After the hearing, the judge denied the motion. Then, in May, 2010, Moreno filed a renewed motion for a *Franks* hearing. The judge allowed the motion in part, and held an initial *Amral* hearing. After the hearing, the judge determined that Moreno had failed to make the necessary showing for a further hearing pursuant to the *Franks* case. Moreno thereafter filed his G. L. c. 211, § 3, petition in the county court.[2]

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Moreno had the burden to create a record before the single justice "showing both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). He has not met this burden. In his memorandum filed pursuant to rule 2:21, Moreno argues that review of the trial court's denial of his request for a *Franks* hearing cannot adequately be obtained on appeal because, if he "wait[s] until this is litigated on appeal and remanded for a *Franks* hearing," he may not be able to locate certain witnesses. Moreno did not raise the claim of the potential unavailability of witnesses in his G. L. c. 211, § 3, petition, and there was virtually nothing in the record before the single justice relevant to the claim.[3] His attempt to develop the point now, before the full court, with material that he had not put before the single justice, is too late. Moreover, his argument is speculative and his assertions regarding potential unavailability of witnesses are insufficient in any event. Cf. *Celester* v. *Commonwealth*, 440 Mass. 1035, 1036 (2004) ("vague and generalized suggestions" regarding availability of witnesses at later time do not demonstrate that review of trial court's denial of motion for funds for investigator cannot adequately be obtained on appeal).

The single justice did not err or abuse his discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jedediah Moreno*, pro se.

---

[1]It does not appear, from the record, that the judge held a separate, preliminary hearing pursuant to *Commonwealth* v. *Amral*, 407 Mass. 511 (1990).

[2]In the papers filed in the county court, Moreno stated that he was seeking leave pursuant to G. L. c. 211, § 3, and Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), to appeal from the denial of his request for a hearing pursuant to *Franks* v. *Delaware*, 438 U.S. 154 (1978). In this court he presses only so much of the single justice's denial that relates to the G. L. c. 211, § 3, petition.

[3]Moreno stated in his response to the Commonwealth's opposition to his G. L. c. 211, § 3, petition that if he had to "wait years before [his] case is reviewed and [he is] incarcerated" he "will almost certainly be unable to find these witnesses again." His burden to create a record was not met by this statement.