The defendant was convicted, after a jury trial, of possession with intent to distribute heroin, G. L. c. 94C, § 32, and he pleaded guilty to doing so as a subsequent offender, G. L. c. 94C, § 32 (b ). On appeal, the defendant argues that his motions to suppress were erroneously denied for three reasons. First, he contends that the affidavit submitted in support of the warrant application failed to establish a sufficient risk to officer safety to justify the "no-knock" provision of the warrant. Second, he argues that the affidavit failed to establish a sufficient nexus between the firearm described in the search warrant and the locus and that the information in the affidavit was stale. Third, he contends that the motion judge, based on clearly erroneous findings, erred in denying a Franks hearing. See Franks v. Delaware, 438 U.S. 154, 155-156 (1978). We affirm.
We review de novo a motion judge's finding of probable cause based on a search warrant affidavit, Commonwealth v. Tapia, 463 Mass. 721, 725 (2012), but "give great deference to the magistrate's determination of probable cause." Commonwealth v. Upton, 394 Mass. 363, 377 (1985). Even "the resolution of doubtful or marginal cases ... should be largely determined by the preference to be accorded to warrants." Commonwealth v. Germain, 396 Mass. 413, 418 (1985), quoting United States v. Ventresca, 380 U.S. 102, 108-109 (1965). In reviewing the magistrate's determination, we look solely to the "four corners of the affidavit," Commonwealth v. O'Day, 440 Mass. 296, 297 (2003), and approach the contents "with a view toward common sense, read in their entirety and with considerable latitude allowed for the drawing of inferences." Commonwealth v. Santiago, 452 Mass. 573, 576 (2008).
The defendant argues that the affidavit did not provide probable cause to allow a no-knock entry. "In order to justify suspension of the knock and announce requirement, the Commonwealth must establish that there is probable cause to believe that, in the particular circumstances of the search to be undertaken, evidence will be destroyed or officer safety put at risk if the rule is observed." Commonwealth v. Jimenez, 438 Mass. 213, 216 (2002). Where, as here, the Commonwealth relies on officer safety, the affidavit must "articulat[e] ... facts and circumstances present in the specific case, which, with the benefit of inference, experience, and the application of common sense, establish a substantial basis for concluding that officer safety would be at risk. Commonwealth v. Stewart, 358 Mass. 747, 749-752 (1971). The expression of 'general averments' or 'categorical assertions' will ordinarily be inadequate to satisfy this standard.... Jimenez, [supra at] 219 ... (probable cause requires unique facts, not references to 'common' practices of drug dealers)." Santiago, 452 Mass. at 577. "Although the probable cause standard is more rigorous than that of reasonable suspicion, it does not require 'definitive proof.' Commonwealth v. Anthony, 451 Mass. 59, 69 (2008), citing Commonwealth v. Spano, 414 Mass. 178, 184 (1993)." Santiago, supra.
Here, the affidavit established a substantial basis for concluding that officer safety would be at risk: (1) the house contained multiple occupants, including the defendant, (2) the defendant had been observed by the confidential informant conducting drug sales from the house, (3) the defendant had displayed a gun to the confidential informant, and stated that he had other firearms, (4) the gun was not secured in accordance with our gun storage laws, (5) the gun was not legal, (6) the defendant's criminal history included crimes of violence, (7) the defendant's girlfriend (with whom he lived) herself had a criminal history (albeit not of crimes against persons), (8) the entry to the house was exposed, and (9) the house was located in a residential area where the risk to neighbors was heightened because of its density. The defendant's illegal possession of a deadly weapon or weapons, combined with his criminal history, including acts of violence and the distribution of narcotics, established sufficient substantial risk to officer safety to justify a no-knock entry.
The defendant's next argument is that the affidavit did not provide sufficient nexus between the revolver and the residence to be searched, and that the information from the confidential informant was stale. "The basic question for the magistrate, when evaluating an affidavit supporting an application for the issuance of a search warrant, is whether there is a substantial basis on which to conclude that the articles or activity described are probably present or occurring at the place to be searched." Spano, 414 Mass. at 184. Here, the affidavit stated that a reliable confidential informant[2] had seen the defendant display a gun while in the residence where he stayed with his girlfriend. This "clearly established a link" between the gun and the house. Commonwealth v. Thevenin, 82 Mass. App. Ct. 822, 826 (2012) (affidavit stated that one of the residence's occupants "had displayed a gun while on the porch of the residence"). Further, the affidavit stated that the defendant not only stayed at the house, but also conducted his drug business there. It was reasonable to infer that the gun was stored at, or remained in, the residence because a gun is "durable, [and] of continuing utility." Id. at 827, quoting Commonwealth v. James, 424 Mass. 770, 778 (1997). The durability and utility of a firearm, and the reasonable inference that the defendant's connection to the house was ongoing, also defeat the defendant's argument that the information was stale.[3] See James, supra at 778-779.
Finally, the defendant argues that the motion judge erred in denying him a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Id. at 155-156. There was no error.
The defendant's Franks motion posited that the affiant officer had fabricated his affidavit "as a courtesy" to the defendant's landlord, who was a retired State police trooper, and was also involved in a summary process action against the defendant. Before ruling on the motion, the judge in his discretion held an in camera ex parte hearing pursuant to Commonwealth v. Amral, 407 Mass. 511 (1990), in order to evaluate the factual allegations supporting the defendant's motion. The judge was able to assess the credibility of the witness who testified, and to consider the materials and information provided by the witness. Our review of the impounded and sealed recording of that evidentiary hearing reveals no error by the judge in his fact finding or determination of the police officer's credibility. See Commonwealth v. McCowen, 458 Mass. 461, 469 (2010) ("We accept as true the subsidiary findings of fact made by the judge in the absence of clear error and give deference to his credibility findings, because he had the opportunity to observe and evaluate the witnesses as they testified").
Judgment affirmed.

The judge had earlier denied the defendant's Aguilar-Spinelli motion, a ruling that the defendant has not appealed. See Spinelli v. United States, 393 U.S. 410 (1969) ; Aguilar v. Texas, 378 U.S. 108 (1964).

Like the motion judge, we read the affidavit to say that the informant had viewed the defendant with the firearm within two weeks of the warrant application.