## COMMONWEALTH vs. MANUEL F. ALCANTARA.

No. 99-P-1243.

Essex. June 11, 2001. - January 16, 2002.

Present: BECK, CYPHER, & MASON, JJ.

*Controlled Substances. Practice, Criminal,* Motion to suppress, Affidavit, Disclosure of identity of informer, Presumptions and burden of proof, Argument by prosecutor. *Search and Seizure,* Affidavit, Probable cause. *Constitutional Law,* Search and seizure, Probable cause. *Probable Cause.*

An affidavit in support of a search warrant for a criminal defendant's apartment established a nexus between controlled substances purchased by a confidential informant and the apartment sufficient to provide probable cause to search that location. [593-594]

At an evidentiary hearing challenging an affidavit in support of an application for a search warrant, the judge, properly concluding that the affidavit did not contain misrepresentations sufficient to cast a reasonable doubt on the veracity of material representations made by the affiant concerning a confidential informant, did not abuse his discretion in declining to conduct an in camera hearing in which the affiant would be required to disclose the identity of, or produce, the informant. [594-596]

At a criminal trial, the evidence was sufficient, when viewed in the light most favorable to the Commonwealth, for a rational jury to conclude beyond a reasonable doubt that a criminal defendant constructively possessed cocaine found under the kick plate of the bathroom sink in the defendant's apartment. [596-597]

At a criminal trial, the prosecutor's questioning of the defendant on cross-examination constituted a permissible test of the defendant's credibility and the reasonableness of his testimony, and not an improper shifting of the burden of proof [597-598], and his remarks, in closing argument, that the defendant's testimony was unreasonable and not credible were permissibly directed at the general weakness of the defendant's case, rather than toward his failure to produce evidence [598].

INDICTMENT found and returned in the Superior Court Department on January 22, 1997.

A pretrial motion to suppress evidence was heard by *Regina L. Quinlan*, J., and *Allan van Gestel*, J.; the case was tried before *Richard E. Welch, III*, J.

Commonwealth v. Alcantara.

*Janine T. Bandino* for the defendant.

*Marcia H. Slingerland,* Assistant District Attorney, for the Commonwealth.

CYPHER, J. On November 1, 1996, Lawrence police officers executed a search warrant for the third-floor apartment at 115 Myrtle Street in Lawrence. The warrant was supported by an affidavit, which was based on information provided by an informant identified as CI 19 and contained details of a controlled buy.

The police found, under the "kick plate" of the bathroom sink, a plastic bag containing 28.66 grams of forty-four per cent pure crack cocaine. On a bathroom shelf, police also found a pill bottle with the name "Manuel Feliz" on the label. The bottle contained 7.18 grams of crack cocaine. In the master bedroom, police officers seized two beepers and various identifying documents containing the names "Manuel Alcantara," "Alcantara," or "Manuel Feliz Alcantara" from the dresser and dresser drawers. In addition, they found $898 hidden in the master bedroom curtain.

A grand jury indicted the defendant, Manuel F. Alcantara, for trafficking in cocaine. G. L. c. 94C, § 32E. Prior to trial, the defendant filed an unsuccessful motion to suppress evidence seized in the search. The defendant also moved for and received a *Franks*-type hearing. *Franks* v. *Delaware,* 438 U.S. 154, 155-156 (1978). After a one-day trial, a jury convicted the defendant of the lesser included offense of possession with intent to distribute.

On appeal, the defendant claims that the motion to suppress evidence should have been allowed because the affidavit failed to establish a sufficient nexus between the cocaine and the defendant's apartment; that the judge who conducted the *Franks* hearing should have ordered the informant produced or the identity of the informant disclosed; that the motion for a required finding of not guilty should have been allowed; and that the prosecution impaired the defendant's constitutional rights during cross-examination and in closing argument. We affirm.

1. *The motion to suppress.* The affidavit contained, in relevant part, the following information. Detective Michael Laird stated

that he was introducing an informant he would call CI 19. Laird detailed four instances in which CI 19 had provided information that led to search warrants, resulting in arrests and seizures of narcotics. CI 19 told Laird that a person known to him as "Moreno" sold cocaine upon receiving a telephone call from a prospective buyer. Moreno would deliver drugs to the buyer at a location Moreno specified. CI 19 stated that Moreno drove a blue Oldsmobile and provided Laird with a license plate number. CI 19 pointed out Moreno's third-floor apartment at 115 Myrtle Street to Laird. Laird checked the registration and established that the blue Oldsmobile was registered to Manuel Feliz, 115 Myrtle Street.

Laird conducted a controlled buy with CI 19. Laird dialed a telephone number provided by CI 19 and handed the telephone to CI 19. CI 19 arranged to meet Moreno at a certain location to purchase drugs. After searching CI 19 to insure that he had no drugs in his possession, Laird gave him money for the purchase and left him at the specified location. Laird then parked his unmarked car so that he could watch CI 19 and 115 Myrtle Street.

Laird saw a Hispanic male come out of the yard at 115 Myrtle Street and walk toward CI 19. CI 19 and the male then walked back to 115 Myrtle Street. Laird picked up CI 19 and CI 19 handed him a plastic bag containing cocaine and told him that Moreno had delivered the drugs.[1]

a. *Probable cause that cocaine would be found in the third-floor apartment at 115 Myrtle Street.* The defendant argues that the affidavit in support of the application for the search warrant did not establish a sufficient nexus between the cocaine purchased by CI 19 and the apartment because there was nothing in the affidavit to indicate that CI 19 had been inside of the defendant's apartment. We conclude that the affidavit established a sufficient nexus between the drugs and the apartment.

It is unclear from the affidavit whether CI 19 actually entered the defendant's apartment or whether CI 19 even entered the common area of the building at 115 Myrtle Street. The inability of the police to observe an informant enter a specific apartment

---

[1]CI 19 described what Moreno had been wearing; the description matched the clothing Laird had observed on the Hispanic male.

during a controlled buy is not fatal to an application for a search warrant. *Commonwealth* v. *Warren*, 418 Mass. 86, 90 (1994). *Commonwealth* v. *Padilla*, 42 Mass. App. Ct. 67, 71 n.9 (1997). Here, the failure to observe the buyer enter an apartment is not important because the defendant's usual method of operation was to deliver drugs away from his apartment. In these circumstances, from this method of operation, it was reasonable to infer for purposes of probable cause that Moreno probably kept the drugs he sold in his apartment. See *Commonwealth* v. *Blake*, 413 Mass. 823, 829 (1992). The affidavit provided a substantial basis for concluding that cocaine would be found in the specified location. *Commonwealth* v. *Donahue*, 430 Mass. 710, 712 (2000). Contrast *Commonwealth* v. *Chongarlides*, 52 Mass. App. Ct. 366, 369-371 (2001).

b. *The defendant's challenge to the existence of CI 19.* In *Franks* v. *Delaware, supra* at 155-156, the United States Supreme Court established a two-pronged test to determine whether a defendant is entitled to an evidentiary hearing for purposes of challenging the veracity of the factual statements made by the affiant. First, the defendant must make a substantial preliminary showing that the affidavit contains a deliberate falsehood or statements which constitute a reckless disregard of the truth. *Ibid.* If the first requirement is met, then the judge considers the second prong: whether the challenged material is necessary to a finding of probable cause. *Ibid.*

Upon meeting both requirements, the defendant is entitled to an evidentiary hearing. *Ibid.* See Smith, Criminal Practice and Procedure §§ 187-188 (Supp. 2001). The judge has discretion to order a hearing even if the defendant has not made a substantial preliminary showing. *Commonwealth* v. *Signorine*, 404 Mass. 400, 406 (1989).

Balancing a recognition of the difficulty a defendant may have in mounting a *Franks* challenge where the informant is not identified in the affidavit with the competing governmental interest in keeping the identity of the informant confidential, the Supreme Judicial Court established an in camera procedure by which a judge can inquire of an affiant, and, if necessary, an informant, in order to determine whether the defendant has a right to a *Franks* hearing. *Commonwealth* v. *Amral*, 407 Mass.

511, 522 (1990). In addition, the Supreme Judicial Court has suggested that a judge can hold a preliminary hearing, prior to a *Franks* hearing, at which the affiant testifies but does not disclose the informant's identity. *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981). *Commonwealth* v. *Amral*, *supra* at 521.

In the paragraph of the affidavit concerned with CI 19's reliability, Laird represented that CI 19 had provided information in the past which had led to search warrants (warrants numbered 216, 122, 115, and 101). The affidavits in support of these other warrants, with the exception of warrant 216, did not refer to CI 19. Based on this apparent inconsistency, the defendant moved for a *Franks* hearing, alleging that CI 19 was actually a combination of CI 9 and CI 10, two informants appearing in the other affidavits. The Commonwealth agreed that a hearing was appropriate and the judge conducted a hearing. At the hearing, Laird testified and was subject to cross-examination but did not disclose the identity of CI 19.

Laird explained that although CI 19 had provided information that had been used in the affidavits in support of warrants 122, 115, and 101, CI 19 either had not been mentioned at all (warrant 101) or had been referred to only as "citizen" (warrants 115 and 122) because CI 19's reliability had not been established at the time the affidavits were prepared. In each of these affidavits, a second informant had supplied the same information and it was this second informant the police relied on in the affidavits.

The judge, finding Laird credible and the omission of CI 19 from the earlier affidavits acceptable under *Commonwealth* v. *Padilla*, 42 Mass. App. Ct. at 73, concluded that the affidavit in support of the application for the warrant "did not contain misrepresentations sufficient to 'cast a reasonable doubt on the veracity of material representations made by the affiant concerning a confidential informant.' " *Id.* at 72, quoting from *Commonwealth* v. *Amral*, *supra* at 522. On appeal, the defendant argues that the failure of the judge to conduct an in camera *Amral* hearing in which Laird was required to disclose the identity of CI 19 or produce CI 19, constituted an abuse of discretion. We disagree.

First, the defendant does not point to any clear error in the judge's findings. See *Commonwealth* v. *Sanna*, 424 Mass. 92, 97 (1997) (absent clear error, we accept the judge's findings of fact). Second, the defendant's appellate challenges to the judge's decision constitute nothing more than an argument about Laird's credibility and in that area it is well settled that we defer to the motion judge. *Commonwealth* v. *Yesilciman*, 406 Mass. 736, 743 (1990). Third, there is no requirement that all information known to the police be used in an affidavit, or that a confidential informant be consistently named or numbered from affidavit to affidavit.[2] Such a requirement could, in some circumstances, jeopardize the anonymity of the informant, and in so doing, jeopardize the informant's safety.

The judge's determination that Laird's explanation resolved any confusion created by the failure to include CI 19 in the earlier affidavits was not an abuse of discretion. Compare *McCray* v. *Illinois*, 386 U.S. 300, 313 (1967) (judge properly exercised discretion to respect informant's privilege where officers testified in open court and were subject to cross-examination); *Commonwealth* v. *Amral*, *supra* at 521.

2. *Sufficiency of the evidence.* The evidence was sufficient, when viewed in the light most favorable to the Commonwealth, for a rational jury to conclude beyond a reasonable doubt that the defendant possessed the cocaine found in the bathroom under the sink. The Commonwealth proceeded under the theory that the defendant constructively possessed the plastic bag of crack cocaine the police found under the bathroom sink's kick plate.

To prove constructive possession of the crack cocaine, the Commonwealth must establish the defendant knew of the location of the drugs and had the ability and intent to exercise dominion or control over the drugs, *Commonwealth* v. *Carmenatty*, 37 Mass. App. Ct. 908, 909 (1994), and such proof may be made by circumstantial evidence. *Commonwealth* v. *Brown*, 34 Mass. App. Ct. 222, 225 (1993).

---

[2]We note that the reliability of the informant was not challenged. We express no opinion regarding how such a practice might affect the determination of the informant's reliability. In any event, where there was a controlled buy, such a challenge would likely have been futile.

The defendant's papers were found in the master bedroom. A prescription pill bottle bearing the defendant's name (containing crack cocaine) was found in the bathroom. It was, therefore, reasonable to infer that the defendant had dominion and control of the bathroom where police found both the prescription bottle and the large bag of cocaine. *Commonwealth* v. *Pratt*, 407 Mass. 647, 652-653 (1990).

Moreover, both the cocaine in the pill bottle and the cocaine under the sink were characterized as "crack" cocaine. A defendant who admits[3] possession of a small quantity of drugs may be linked to a larger quantity by similarities in the drug's consistency. *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 495-497 (1991). *Commonwealth* v. *Delarosa*, 50 Mass. App. Ct. 623, 627 (2000). Compare *Commonwealth* v. *Dennis*, 33 Mass. App. Ct. 666, 671 (1992), *S.C.*, 416 Mass. 1001 (1993) (reasoning that more than just a similarity between a small quantity of drugs and a larger stash is needed to infer that defendant was seller in constructive possession of larger amount).

3. *Claims of burden shifting.* The defendant testified that he lived at 115 Myrtle Street with his wife, two children, and a tenant named Jose Medina. The defendant claimed that he had met Medina approximately two to three months before his arrest and had rented a room to him. According to the defendant, he last saw Medina around the time of his arrest. The defendant also testified that, although the money in the bedroom was his, the cocaine in the bathroom (and even the cocaine in the pill bottle bearing his name) did not belong to him. The defendant said that he kept empty prescription pill bottles in the bathroom and that he had been bringing them to court.

During cross-examination, the prosecutor asked the defendant whether he had looked for Medina after his arrest and whether he had brought any empty pill bottles with him to court that day. Defense counsel objected to both lines of inquiry, claiming that the questioning shifted the burden of proof, but the judge overruled the objections as a permissible test of the defendant's

---

[3]In arguing his motion for a required finding of not guilty, the defendant did not challenge the sufficiency of the evidence to establish his possession of the crack cocaine found in the prescription bottle, even though he had testified that he did not possess the cocaine found in the bottle.

credibility. There was no error. The Commonwealth was entitled to probe facets of the defendant's testimony in an effort to illuminate the reasonableness of the testimony and the defendant's credibility. See *Commonwealth* v. *Donovan*, 422 Mass. 349, 357 (1996).

For the same reason, there was no error in the prosecutor's closing argument. The prosecutor first argued the strength of the Commonwealth's evidence and then argued that the defendant's testimony about Medina was unreasonable and not credible. In this circumstance, the challenged remarks were directed more at the general weakness of the defendant's defense rather than toward his failure to produce evidence. Compare *Commonwealth* v. *Feroli*, 407 Mass. 405, 409 (1990) ("[U]nless a prosecutor's comments are of such a nature that a jury would naturally and necessarily construe them to be directed to the failure of the defendant to testify [or to produce evidence], they are not prejudicially unfair" [citations omitted] ).

To the extent that the jury could have misinterpreted the cross-examination or the closing argument, and we do not think that it did, the judge's instructions regarding the presumption of innocence and the burden of proof would have cleared up any confusion. See *Commonwealth* v. *Bregoli*, 431 Mass. 265, 278 (2000).

*Judgment affirmed.*