## COMMONWEALTH *VS.* MARIA BORIA.

Plymouth. October 9, 2003. - November 20, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Controlled Substances. Practice, Criminal,* Required finding.

At the trial of a complaint charging the defendant with possession with intent
to distribute cocaine and with intent to distribute within 1,000 feet of a
school, the evidence at the close of the Commonwealth's case was insuf-
ficient for the jury to find the defendant guilty beyond a reasonable doubt
of actual or constructive possession of the cocaine seized in a search by
police officers. [418-421]

COMPLAINT received and sworn to in the Brockton Division of
the District Court Department on October 23, 2000.

The case was tried before *Robert E. Baylor,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Christopher L. Maclachlan* for the defendant.

*Carolyn A. Burbine*, Assistant District Attorney, for the
Commonwealth.

IRELAND, J. A District Court jury convicted the defendant of
possession with intent to distribute a Class B substance (cocaine)
(G. L. c. 94C, § 32A [*c*]), and possession with intent to
distribute within 1,000 feet of a school (G. L. c. 94C, § 32J).[1]
At the close of the Commonwealth's case against her, the
defendant moved for a required finding of not guilty. The judge
denied the motion. The defendant appealed, claiming that the
judge erred in denying her motion, and that the prosecutor
improperly referred to facts not in evidence in closing argu-
ment, thereby creating a substantial risk of a miscarriage of
justice. The Appeals Court, in an unpublished opinion pursuant

---

[1] A third count, conspiracy to violate G. L. c. 94C, was dismissed on Janu-
ary 29, 2002.

to its rule 1:28, affirmed the defendant's convictions. 57 Mass. App. Ct. 1106 (2003). We granted the defendant's application for further appellate review. Because we conclude that the evidence, viewed in a light most favorable to the Commonwealth, *Commonwealth* v. *Cordle*, 412 Mass. 172, 175 (1992), was insufficient for the jury to find the defendant guilty beyond a reasonable doubt of actual or constructive possession of the cocaine seized in a search, we reverse the convictions.[2]

1. *Facts.* The jury could have found the following facts. At the outset, we note that there is a dearth of evidence in this case, a point addressed more fully below, see note 5, *infra.*

Pursuant to a search warrant, on October 20, 2000, several police officers went to an apartment in Brockton, knocked on the door, and announced themselves. When no one answered, they forced the door open with a metal ram. Present in the apartment were two men and the defendant. The defendant was sitting on the living room floor and the television was on. Police secured the three individuals, including the defendant, and searched them. No cocaine (or other incriminating evidence) was found on the defendant.[3] The defendant told one of the officers that she lived in the apartment and that she was the girl friend of one of the men.

The police officers searched the living room and the kitchen. Inside a video cassette recorder (VCR) located in the living room, they found nine small plastic bags containing cocaine. In the kitchen, they found various items that, according to trial testimony, are used in processing cocaine for distribution.[4]

One officer searched a closet in the living room and two items found there were introduced in evidence. One was an address book containing the defendant's name and telephone number on the page for the letter "B." The other was an "AFDC/RRP" application from the Department of Public

---

[2]Because of our decision, we need not address the propriety of the prosecutor's closing argument.

[3]The police also did not find drugs on either of the two men. However, they did find $1,263 on one of the men.

[4]The police found the following items: a box of plastic sandwich bags, a bottle of anositol, a mixing bowl with a grinder, a bottle of acetone, a bottle of lactose, and a clear glass test tube. Although the transcript is not entirely clear, it appears that the first three items were on the kitchen counter.

Welfare (AFDC application), dated August 2, 2000, containing the defendant's name, signature, date of birth, and social security number. The address on the AFDC application was the same as the address of the apartment that was searched. One detective found a notebook with documentation that looked like it related to "people who owed money." The notebook was not introduced in evidence, nor was there any evidence that it belonged to the defendant.

2. *Denial of the defendant's motion for a required finding of not guilty.* We evaluate the denial of a motion for a required finding of not guilty to determine whether "the evidence received, viewed in a light most favorable to the Commonwealth, is sufficient so that the jury 'might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt.' " *Commonwealth* v. *Pope*, 406 Mass. 581, 584 (1990), quoting *Commonwealth* v. *Clary*, 388 Mass. 583, 588 (1983).

In this case, because incriminating evidence was found in the apartment but not on the defendant herself, the issue before us is whether the Commonwealth proved, beyond a reasonable doubt, that the defendant had constructive possession of the drugs. *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 618 (1990), *S.C.*, 410 Mass. 1005 (1991). Proof of constructive possession requires the Commonwealth to show "knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 409 (1989), quoting *Commonwealth* v. *Rosa*, 17 Mass. App. Ct. 495, 498 (1984). "Proof of possession of a controlled substance may be established by circumstantial evidence, and the inferences that can be drawn therefrom." *Commonwealth* v. *Brzezinski*, *supra* at 409, quoting *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 426 (1985). However, "presence in an area where contraband is found 'alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband] .' " *Commonwealth* v. *Brzezinski*, *supra* at 409-410, quoting *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977). Living in a place where drugs are in plain view and being sold, or associating with someone who controls the contraband is

not enough to prove constructive possession. See *Commonwealth v. Brown*, 34 Mass. App. Ct. 222, 225-227 (1993); *Commonwealth v. Booker*, 31 Mass. App. Ct. 435, 437-438 (1991), and cases cited.

In order for there to be sufficient evidence to prove constructive possession, "presence, supplemented by other incriminating evidence, 'will serve to tip the scale in favor of sufficiency.' " *Commonwealth v. Brzezinski, supra* at 410, quoting *Commonwealth v. Albano, supra.* Other incriminating evidence is required because "the peril is that the [constructive possession] doctrine may be used in narcotics prosecutions as support for preexisting suspicions rather than as an abstraction fostering fair analysis." *Commonwealth v. Gonzalez*, 42 Mass. App. Ct. 235, 238 (1997).

*Commonwealth v. Alcantara*, 53 Mass. App. Ct. 591 (2002), discussed in the Appeals Court's unpublished memorandum, is inapposite. There, when the master bedroom was searched, police found two pagers, a large amount of cash hidden in a curtain, and in a dresser, documents identifying Alcantara, thereby linking him to that bedroom. Therefore, it was reasonable to infer that the defendant was the one who had dominion and control of the crack cocaine found under a kick plate of the bathroom sink and in a pill bottle bearing his name. *Id.* at 592, 597.

The facts in this case are more in keeping with *Commonwealth v. Brown, supra*, and *Commonwealth v. Booker, supra.* In the *Brown* case, the defendant lived with others in the apartment that was searched, and her personal belongings and personal papers were found there. In addition, "if she had eyes" she would have known that drugs were being prepared, sold by passing them under the door of the apartment, and that the door was barricaded when the police executed their search warrant. *Id.* at 225-226. The Appeals Court held, however, that the evidence was insufficient to support her conviction where, inter alia, no cocaine or cash was found on Brown's person or in her belongings, the bedroom in which the police found her personal things did not contain drugs, Brown had no key to the premises, none of the furniture was hers, and the duration of her stay was not established. *Id.* at 226-227.

Similarly, in the *Booker* case, the Appeals Court held the evidence was insufficient where, inter alia, the defendant shared an apartment with "at least one other person," was not present when the contraband was discovered in a common area, and she displayed no consciousness of guilt. *Commonwealth* v. *Booker*, *supra* at 438.

In this case, the defendant was linked to the apartment (by her AFDC application and her statement that she lived in the apartment) but there was no evidence linking her to the cocaine or related paraphernalia.[5] Contraband found in proximity to a defendant's personal effects may provide a link between a defendant and the contraband, if other evidence shows that "the defendant has a *particular* relationship" to that location within the apartment (emphasis added). *Commonwealth* v. *Pratt*, 407 Mass. 647, 652 (1990), quoting *Commonwealth* v. *Rarick*, 23 Mass. App. Ct. 912, 912 (1986). However, to establish the defendant's "relationship" to contraband located in a *common area* sufficient to permit an inference of control over the contraband, there must be a more particular link to the defendant than merely (1) her presence in the living room where cocaine was hidden in a VCR, and (2) her AFDC application being

---

[5] It is not reasonable to infer that the address book found in the living room closet belonged to the defendant, as the Commonwealth asserts, because the book contained the defendant's name and a telephone number for her. In fact, a reasonable inference is that it belonged to someone else who may have shared the apartment.

Further, we note that there was a dearth of evidence that may have helped the Commonwealth prove its theory that *the defendant* had the ability and intention to exercise dominion and control of the drugs and related paraphernalia found in common areas of the apartment. For example, there was no evidence identifying the person from whom drugs were bought by a police confidential informant, or explaining why other rooms, if they existed, were not searched. There also was no evidence concerning who leased the apartment and paid the bills, the floor plan of the apartment, and whether there was any furniture other than the television and VCR. Contrast generally *Commonwealth* v. *Clarke*, 44 Mass. App. Ct. 502, 504-506 (1998), and *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. 554, 555-558 (1991), discussed above.

Moreover, as in *Commonwealth* v. *Booker*, 31 Mass. App. Ct. 435, 438 (1991), the defendant displayed no behavior that would allow an inference of consciousness of guilt. Contrast *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 410 (1989) (defendant's "retreat" into closet containing cocaine allows inference of consciousness of guilt).

found in the living room closet. See *Commonwealth* v. *Pratt, supra*; *Commonwealth* v. *Booker, supra* at 438 (contrasting finding contraband "in a common area, the living room," with facts in *Commonwealth* v. *Rarick, supra*, where defendant particularly linked to areas where drugs found). See also *Commonwealth* v. *Clarke*, 44 Mass. App. Ct. 502, 504-507 (1998) (affirming conviction of possession of drugs and firearms found in bedroom where evidence supported inference that defendant occupied the room, but reversing conviction of possession of sawed-off shotgun found in front bedroom with no link to defendant); *Commonwealth* v. *Rivera*, 31 Mass. App. Ct. 554, 555-558 (1991) (affirming conviction of lesser included offense of possession of cocaine, but vacating defendant's trafficking conviction based on contraband found in bedroom to which defendant had no link).

Here, what the Commonwealth showed was only the defendant's presence where contraband was found, at most, allowing the reasonable inference of awareness. Such evidence is not the "supplement[]" to incriminating evidence required to "tip the scale in favor of sufficiency" to show an ability and intent to control the drugs. *Commonwealth* v. *Brzezinski, supra* at 409-410, quoting *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977). See *Commonwealth* v. *Brown, supra*; *Commonwealth* v. *Booker, supra*. Suspicion alone also is not enough. See *Commonwealth* v. *Gonzalez, supra* at 238; *Commonwealth* v. *Caterino*, 31 Mass. App. Ct. 685, 689-690 (1991).

3. *Conclusion.* Based on the meager evidence it presented against the defendant, when the Commonwealth rested its case, it had not established any basis for a belief, beyond a reasonable doubt, that the defendant possessed the cocaine seized by police officers. Accordingly, the judgments of the District Court are reversed, the verdicts set aside, and judgments are to be entered for the defendant.

*So ordered.*