NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11728

COMMONWEALTH  vs.  TIMOTHY CULLITY.

February 24, 2015.

Controlled Substances.  Evidence, Constructive possession.
    Motor Vehicle.  Search and Seizure, Threshold police
    inquiry, Motor vehicle.  Threshold Police Inquiry.

After a jury-waived trial in the District Court, Timothy
Cullity was convicted of possession of a class B substance,
namely, "PCP."  A panel of the Appeals Court concluded that the
evidence at trial was insufficient to establish constructive
possession and, in an unpublished decision pursuant to its rule
1:28, reversed and directed the entry of judgment for Cullity.[1]
Commonwealth v. Cullity, 85 Mass. App. Ct. 1121 (2014).  We
allowed the Commonwealth's application for further appellate
review, limited to issues concerning the sufficiency of the
evidence.[2]  469 Mass. 1106 (2014).  We affirm.

_____

[1] The Appeals Court also ruled that Cullity's motion to
suppress certain evidence was properly denied and that the
police had probable cause to arrest him.  We do not disturb
those rulings.

[2] The Commonwealth also argues that, where Cullity did not
challenge the sufficiency of the evidence either at trial or on
appeal, the Appeals Court improperly reversed on this ground sua
sponte without inviting the parties to brief the issue.  While
it is true that "findings based on legally insufficient evidence
are inherently serious enough to create a substantial risk of a
miscarriage of justice," Commonwealth v. Hinds, 437 Mass. 54, 63

"In reviewing the sufficiency of the evidence, we determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" (emphasis in original). Commonwealth v. Romero, 464 Mass. 648, 652 (2013), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "Proof of constructive possession requires the Commonwealth to show 'knowledge coupled with the ability and intention to exercise dominion and control." Commonwealth v. Gonzalez, 452 Mass. 142, 146 (2008), quoting Commonwealth v. Boria, 440 Mass. 416, 418 (2003). At issue here is the sufficiency of the evidence that Cullity intended to exercise dominion and control over a bag of PCP found in a vehicle in which he was a passenger.[3]

The evidence at trial established the following. The sole witness was State Trooper Nicholas Peter Fiore. At about 7 P.M. on November 5, 2010, Fiore saw a motor vehicle with a broken headlight in Chelsea. He stopped the vehicle, approached the driver's side door, and began speaking with the driver. He immediately detected a "very strong odor of something that appeared to be . . . a freshly burnt substance" emanating from the vehicle. Fiore requested the driver's license and registration; she eventually produced her license. He also asked her about the odor, but she did not respond. Cullity was in the front passenger's seat of the vehicle, without his seatbelt. Fiore observed that he had watery, bloodshot eyes and that he appeared lethargic. Fiore had to request Cullity's identification three times before Cullity was able to comply. After obtaining both Cullity's and the driver's identification,

_____

(2002), cert. denied, 537 U.S. 1205 (2003), quoting Commonwealth v. Grandison, 433 Mass. 135, 140 n.8 (2001), the Appeals Court should not have proceeded in this manner. Principles of fundamental fairness require that the Commonwealth have an opportunity to be heard before a conviction is reversed, especially where there is not plenary appellate review, and all the more so when the reversal is on a basis that does not permit retrial. At a minimum, the Appeals Court should have requested supplemental briefing as to the sufficiency of the evidence before reversing on this ground.

[3] Cullity does not contend that the evidence was insufficient as to his knowledge of the contraband and ability to control it.

Fiore determined that both had suspended licenses. He returned to the vehicle and ordered the driver to get out of it. She was very unsteady on her feet and nearly fell over. Fiore arrested her, placed her into his cruiser, and returned to the vehicle, where he saw a partially burnt "handmade cigarette" in plain view on the driver's seat. Fiore ordered Cullity out of the vehicle, but had to repeat the order before Cullity complied. Fiore pat frisked Cullity for weapons and found none. Fiore searched the vehicle and found numerous items that he believed to be related to drug use, including a metallic spoon with burned residue on it, cotton swabs, hypodermic needles and caps, and a clear plastic bag containing five smaller bags of a brown substance, which the parties stipulated was PCP.[4] The brown substance emitted the same odor as the interior of the vehicle and the burnt handmade cigarette. The clear plastic bag was found in the space between the front passenger's seat and the driver's seat, within inches of the passenger's seat. Fiore arrested Cullity and advised him of the Miranda rights. Cullity was transported to the State police barracks. During the booking process, Cullity acknowledged having used PCP that evening.[5]

In view of this evidence, the trial judge, as finder of fact, was amply warranted in finding that Cullity intended to exercise dominion and control over the PCP that was found in the vehicle. While Cullity's presence in the vehicle would not be sufficient by itself to establish this intention, "presence, supplemented by other incriminating evidence, 'will serve to tip the scale in favor of sufficiency." Romero, 464 Mass. at 653, quoting Commonwealth v. Albano, 373 Mass. 132, 134 (1977). This is not a case of mere presence. By Cullity's own admission, he had used PCP the evening he was arrested. There were items in the vehicle highly suggestive of recent drug use. Indeed, Fiore's observations of Cullity's appearance and behavior strongly suggest that Cullity was under the influence of PCP throughout the encounter. A rational fact finder, including the

---

[4] An evidence bag containing, among other things, the PCP and the partially burnt cigarette found in the vehicle was admitted as an exhibit at trial.

[5] The Appeals Court stated in its decision that it was unclear from the record when Cullity had used PCP. However, Fiore's testimony that Cullity acknowledged having used PCP that evening, together with his observations about Cullity's condition at the time of the stop, clearly support an inference that Cullity had used PCP that evening.

trial judge, permissibly could find on this evidence that Cullity intended to use the PCP that was found in the vehicle. In sum, Cullity's intent to exercise dominion and control over the PCP was established beyond a reasonable doubt.

_Judgment affirmed_.

Dara Z. Kesselheim, Assistant District Attorney, for the Commonwealth.

Jin-Ho King for the defendant.