NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

11-P-1569                                        Appeals Court

COMMONWEALTH  vs.  DAVID E. NELSON.

No. 11-P-1569.

Plymouth.     September 14, 2016. - November 2, 2016.

Present:  Green, Wolohojian, & Massing, JJ.

Controlled Substances.  Constitutional Law, Conduct of
     government agents.  Practice, Criminal, Conduct of
     government agents, Disclosure of evidence, New trial.  Due
     Process of Law, Disclosure of evidence.  Evidence,
     Disclosure of evidence, Certificate of drug analysis.

Indictments found and returned in the Superior Court
Department on February 1, 2008.

A motion for a new trial, filed on December 17, 2012, was
heard by Paul A. Chernoff, J., special judicial magistrate, and
an order affirming the proposed order of the magistrate was
entered by Thomas F. McGuire, Jr.

Thomas C. Foley for the defendant.
Carolyn A. Burbine, Assistant District Attorney, for the
Commonwealth.

WOLOHOJIAN, J.  In 2009, a jury convicted the defendant of

various drug offenses.[1] The drugs at issue were tested and analyzed at the William A. Hinton State Laboratory Institute (Hinton lab or lab), but neither the misconduct by chemist Annie Dookhan nor the problems at that lab were discovered before trial. Once those issues came to light, the defendant moved for a new trial. A special magistrate[2] conducted an extensive evidentiary hearing and made detailed findings acknowledging the severity and the scope of Dookhan's misconduct and the irregularities at the Hinton lab. Nonetheless, the special magistrate denied the defendant's motion for new trial because Dookhan had not participated in testing, analyzing, or reviewing the drugs at issue in this case and there was no evidence to show or to suggest that the problems at the lab in any way affected the accuracy or the reliability of the testing of the drugs the defendant was accused of possessing. We affirm.

The details of Dookhan's egregious misconduct can be found in Commonwealth v. Scott, 467 Mass. 336, 338-342 (2014), and we accordingly do not repeat them here. In Scott, supra at 338, the Supreme Judicial Court held that a defendant seeking to

---

[1] Specifically, the jury convicted the defendant of possession of cocaine with the intent to distribute, see G. L. c. 94C, § 32A(c), while in a school zone, see G. L. c. 94C, § 32J. After a jury-waived trial, the judge found the defendant to be a subsequent offender, see G. L. c. 94C, § 32A(d).

[2] Appointed by the Chief Justice of the Superior Court Department of the Trial Court pursuant to Mass.R.Crim.P. 47, 378 Mass. 923 (1979).

withdraw a guilty plea after learning of Dookhan's misconduct is entitled to a conclusive presumption of egregious government misconduct where Dookhan signed the certificate of drug analysis as primary or secondary chemist.  The presumption of egregious government misconduct does not entitle a defendant to relief unless he also demonstrates a "nexus between the government misconduct and the defendant's own case."[3]  Id. at 351.  That nexus exists if "Dookhan signed the drug certificate in her role as an analyst in that defendant's case."  Id. at 353.

In Commonwealth v. Francis, 474 Mass. 816, 823 (2016), the same conclusive presumption was extended to those who, like the defendant, "seek[] to vacate his or her conviction at trial after learning of Dookhan's misconduct."  Although Francis does not explicitly state that a defendant must demonstrate a nexus between Dookhan's misconduct and his case where he seeks to vacate his conviction after trial (rather than withdraw his plea), we see no reason why a defendant would be relieved of the burden in one circumstance and not in the other.  Indeed, the language of Francis, while not explicit, suggests that such a nexus is required.  See id. at 823 (defendant entitled to

---

[3] In addition, a defendant seeking to withdraw a plea has the burden "to particularize Dookhan's misconduct to his decision to tender a guilty plea," Scott, 467 Mass. at 354, and a defendant seeking a new trial has the burden to show prejudice, Commonwealth v. Francis, 474 Mass. 816, 825-826 (2016).

conclusive presumption of misconduct if Dookhan "examined the substance in question as a primary or confirmatory chemist"). We also draw support for this conclusion from Commonwealth v. Gardner, 467 Mass. 363, 369 (2014), where the court reversed the dismissal of an indictment where Dookhan was neither the primary nor the secondary chemist and her relationship to the case was "remote and tangential."

Here, it is undisputed that Dookhan did not sign the drug certificate as either the primary or the secondary chemist. Nor has the defendant shown any connection between other alleged improprieties at the Hinton lab and the accuracy or the reliability of the testing of the drugs at issue here. In short, although the defendant is correct that the conclusive presumption of misconduct created in Scott is available not only to those seeking to withdraw pleas but also to those seeking to vacate their convictions, he was entitled to a new trial only if he could show a nexus between Dookhan's misconduct or the alleged irregularities at the Hinton lab and his own case. Contrary to the defendant's argument, it is not enough simply to show that problems occurred in the lab, however egregious they were; he needed to demonstrate a connection between those problems and his case.

We are also unpersuaded by the defendant's argument that he was entitled to a new trial because the Commonwealth violated

its discovery obligations, Brady v. Maryland, 373 U.S. 83, 87 (1963), by failing to disclose Dookhan's misconduct and other alleged irregularities at the Hinton lab.  "To establish a Brady violation, a defendant must show that (1) material information was in the possession of the prosecutor or those police who are participants in the investigation and presentation of the case; (2) the information tended to exculpate him; and (3) the prosecutor failed to disclose the evidence.  The so-called Brady obligation is one of disclosure; it imposes no obligation on the prosecution to gather evidence or conduct additional investigation."  Commonwealth v. Caillot, 454 Mass. 245, 261-262 (2009) (quotation marks and citations omitted).

Here, as the special magistrate found, there is no indication that anyone knew the true magnitude of Dookhan's misconduct before it came to light in 2012, well after the defendant's trial in 2009.  The special magistrate correctly concluded that the Commonwealth had no burden under Brady to produce information of which it had no knowledge.  See Caillot, supra at 262.  In addition, the special magistrate was also correct that Dookhan's misconduct -- even had it been known -- was not material because, as we noted supra, Dookhan was not involved in testing, analyzing, or certifying the drugs at issue in this case.

We turn now to the arguments the defendant raises in his direct appeal. First, the defendant argues that the trial judge erred by permitting a police officer to offer expert testimony concerning the economic reasons an addict would purchase drugs in bulk rather than in smaller packages. Second, the defendant contends that his motion to suppress should have been allowed because the search warrant was insufficiently particularized. Lastly, the defendant argues the evidence was insufficient to prove his constructive possession beyond a reasonable doubt.[4] The first two arguments are controlled by our decision in the codefendant's appeal, and we do not revisit those analyses here. See Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 414-418 (2013).

As to the third, contrary to the defendant's contention, this is not a case of mere presence alone: (1) the defendant was seated on the couch of his residence at 10:00 P.M., see Commonwealth v. Frongillo, 66 Mass. App. Ct. 677, 680 n.9 (2006) (residential status indicates more than mere presence), (2) the drugs were on the coffee table and drug-related items (scale and baggies) were also present and visible, see Commonwealth v.

---

[4] We note that possession was not a live issue at trial because the defense strategy was to concede possession and to contest only the intent to distribute. However, short of a stipulation, the Commonwealth was not relieved of its burden of proof. Commonwealth v. Mendes, 78 Mass. App. Ct. 474, 480 (2010), S.C., 463 Mass. 353 (2012).

Montalvo, 76 Mass. App. Ct. 319, 324 (2010) (evidence of constructive possession sufficient where "the defendant was in the only room where contraband was located . . . [and] was in close proximity to the drugs and packaging materials that were in the open, in plain view"), (3) the room was very small (eight feet by ten or twelve feet), and (4) only the defendant and his girl friend were present in a state of undress and at an hour that indicated familiarity with, and residence in, the apartment, see ibid. (fact that "the defendant was wearing only a T-shirt in January, and was thus not appropriately dressed to be outside, supports a finding that he was not simply passing through"). Contrast Commonwealth v. Brown, 34 Mass. App. Ct. 222, 225-227 (1993) (insufficient evidence of constructive possession where apartment contained multiple common spaces and had many people present, defendant not found in room containing bulk of drugs and drug paraphernalia, defendant's bedroom contained no drugs, and defendant's relationship to individual who controlled apartment not established). In the circumstances presented here, the evidence was sufficient to permit the jury to find the defendant's constructive possession beyond a reasonable doubt. See Commonwealth v. Boria, 440 Mass. 416, 419 (2003) ("presence, supplemented by other incriminating evidence,

'will serve to tip the scale in favor of sufficiency'" [citation omitted]).

Judgments affirmed.

Order denying motion for
new trial affirmed.
