In 1993, the defendant was indicted on two counts of rape of a child, his stepdaughter. In 1996, prior to trial, he entered guilty pleas on both counts pursuant to North Carolina v. Alford, 400 U.S. 25, 37-38 (1970), and a Superior Court judge sentenced him to State prison.[2] In 2001, the defendant filed his first motion to withdraw guilty pleas and for new trial; the record before us does not indicate that any action was taken on that motion. In 2005, after the defendant was charged with open and gross lewdness, his probation was revoked and the suspended portion of his sentence on the rapes was imposed. The open and gross lewdness charge subsequently was reduced to indecent exposure, and a jury found him not guilty of that charge. The defendant challenged his probation revocation in this court, which affirmed it in an unpublished memorandum and order pursuant to our rule 1:28. See Commonwealth v. Brace (Brace I ), 75 Mass. App. Ct. 1109 (2009).
Meanwhile, the defendant filed his second motion for new trial on the underlying rape convictions in 2006. The motion judge, who was also the plea judge, denied the second motion, and the defendant's motion to reconsider that decision. The defendant initially sought to appeal those rulings, but, after we vacated the notice of appeal and entry of the appeal, the defendant did not pursue that appeal further. Instead, he filed a third motion for new trial in 2011, which was denied by a Superior Court judge, who was not the plea judge.[3] We affirmed the order denying the third motion for new trial in an unpublished memorandum and order pursuant to our rule 1:28. See Commonwealth v. Brace (Brace II ), 84 Mass. App. Ct. 1129 (2014).
The defendant then filed a second motion to reconsider the denial of his third motion, which was denied by the same judge who denied his second motion. He now challenges that last denial, arguing that he was entitled to a new trial on multiple grounds: his trial counsel was ineffective, the revocation of his probation and the imposition of the suspended sentence were unlawful, the plea judge took part in negotiating the plea bargain, the motion judge erred in denying him an evidentiary hearing on his third motion, and the Commonwealth failed to disclose certain purportedly exculpatory information. Discerning no abuse of discretion or substantial risk of a miscarriage of justice, we affirm.
As an initial matter, we note that some of the defendant's arguments were directly addressed by this court in our prior rulings, and the defendant is estopped from making them. See Brace I, supra (addressing lawfulness of revocation of defendant's probation); Brace II, supra (addressing defendant's claim of ineffective assistance of trial counsel).[4] See also Commonwealth v. Ellis, 475 Mass. 459, 475 (2016), quoting from Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005) ("[W]here a defendant ... simply seeks to relitigate a motion that was previously denied by the motion judge and rejected on direct appeal, 'principles of direct estoppel operate as a bar to the defendant's attempt ... to relitigate issues' ").
Furthermore, to the extent that the issues the defendant now seeks to raise on appeal were not previously raised either at trial or in his multiple earlier motions and appeals, he has waived them. See Commonwealth v. Chase, 433 Mass. 293, 297 (2001) ("The defendant waived the issues he now raises [in his motion for new trial] by not presenting them in his direct appeal"). "A defendant generally may not raise any ground in a motion for a new trial that could have been, but was not, raised at trial or on direct appeal.... It is neither unreasonable nor unduly burdensome to require a defendant to advance his contentions, even those with constitutional ramifications, at the first opportune time." Ibid.
In any event, the defendant has failed to demonstrate that the issues he now seeks to raise create a substantial risk of a miscarriage of justice. The defendant's argument that the plea judge unduly participated in the negotiation of the plea appears to be based on the judge's remark during the plea hearing, "I think you would be very wise to give serious consideration to [the plea deal] the government is proposing." We find nothing in that remark, in the context of the entire comprehensive plea colloquy administered by the judge, that would suggest that the judge was an "active negotiator[ ] in plea bargaining discussion[ ]."[5] Commonwealth v. Gordon, 410 Mass. 498, 501 n.3 (1991).
Likewise unavailing is the defendant's argument that the motion judge, in denying an evidentiary hearing on his third motion, erroneously relied on a letter the defendant wrote to the parole board in 1997, in which the defendant confessed to having raped his stepdaughter. Putting aside the fact that the defendant has not provided us with any evidence (other than a statement in his appellate brief) that he wrote the letter under duress,[6] the defendant also admitted to two qualified examiners in 2002 that he had sexually abused the victim, Brace II, supra, which the Commonwealth brought to the attention of the motion judge. Therefore, the motion judge had ample reason to deny an evidentiary hearing, because the defendant failed to raise " 'a substantial issue' that [was] supported by a 'substantial evidentiary showing.' " Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016), quoting from Commonwealth v. Scott, 467 Mass. 336, 344 (1981).
Finally, the defendant's claim that the Commonwealth violated its discovery obligations, see Maryland v. Brady, 373 U.S. 83, 87 (1963), by failing to disclose certain records to the defendant, also lacks merit. First, those records were not in the custody of the Commonwealth. See Commonwealth v. Nelson, 90 Mass. App. Ct. 594, 596 (2016) (for a Brady violation to occur, "material information [must be] in the possession of the prosecutor"). Second, we addressed the issue of disclosure of allegedly exculpatory information in Brace II, supra. There was no substantial risk of a miscarriage of justice.
Under these circumstances, we discern no abuse of discretion and no reason to disturb the order denying the motion to reconsider the denial of the defendant's third motion for new trial.[7] See Commonwealth v. Weichell, 446 Mass. 785, 799 (2006), quoting from Commonwealth v. Grace, 397 Mass. 303, 307 (1986) (denial of motion for new trial reviewed only for "a significant error of law or other abuse of discretion").
Order denying motion to reconsider affirmed.

On count one, the defendant received a sentence of six years and three months to eight years in State prison. On count two, he received a suspended sentence of ten to fifteen years in State prison and was placed on probation for five years under certain conditions (drug and alcohol treatment, sex offender evaluation and treatment, and no contact with victim).

The defendant also filed a motion to reconsider that denial, which was also denied.

With respect to the revocation of probation, the defendant maintains that a District Court jury, in a separate subsequent trial, found him not guilty of indecent exposure (a lesser included offence of open and gross lewdness, which had been the basis of the revocation of his probation). That argument is without merit because "[t]he standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence rather than the criminal standard of beyond a reasonable doubt." Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001).

For example, the judge told the defendant that he had "an absolute right to a trial, to the fairest trial that [the judge] can preside over," and explained to the defendant the choice he had (to go to trial or to plead guilty) and the consequences of that choice, underscoring that the defendant "[had] got[ten] to decide what [was] best for [him]."

In his brief, the defendant asserts that he wrote the letter so that he could be released from prison and spend time with his mother, who had terminal cancer.

As to the other arguments raised by the defendant on appeal, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).