NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-290

COMMONWEALTH

vs.

JUAN CARLOS FELIX.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant of possession of a class A substance (heroin) in violation of G. L. c. 94C, § 34. On appeal, the defendant challenges the sufficiency of the evidence of constructive possession. We reverse.

Discussion. When reviewing the denial of a motion for a required finding of not guilty we consider "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "The inferences that support a conviction need only be reasonable and possible; [they] need not be necessary or

inescapable" (quotation omitted).  Commonwealth v. Faherty, 93
Mass. App. Ct. 129, 133 (2018).

The Commonwealth's theory at trial was that the defendant
was in constructive possession of drugs found in an apartment
searched by police.  "In order to prove that a defendant
constructively possessed contraband, the evidence must be
sufficient to permit the jury to infer that the defendant had
knowledge of the contraband, as well as the ability and
intention to exercise dominion and control over it."
Commonwealth v. Proia, 92 Mass. App. Ct. 824, 830 (2018).
"Proof of possession of a controlled substance may be
established by circumstantial evidence, and the inferences that
can be drawn" from that evidence.  Commonwealth v. Montalvo, 76
Mass. App. Ct. 319, 323 (2010) (quotation omitted).

In the light most favorable to the Commonwealth, the jury
could have found the following pertinent facts.  On September
20, 2018, police executed a search warrant at an apartment.
When the police arrived, they saw the defendant outside the
apartment building with two other people.  The defendant briefly
ran until the plainclothes police officers told him to stop.
Once inside the two-bedroom apartment, the police found a
plastic bag containing nearly five grams of heroin in the top

2

drawer of a desk in the bedroom.[1]  Police also found a receipt

bearing the defendant's name and the apartment's address for the

one-month lease of a Samsung tablet but were unable to recall

where in the apartment it was located.  The lease was dated July

3, 2018.[2]

To prove constructive possession, "[a] particular link of

the defendant to the contraband, or at least to the area where

the contraband is found, must be established" (quotation

omitted).  Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 411

(2013).  Here, the receipt and the defendant's presence outside

the apartment were his only links to the bag of heroin or the

searched apartment.  The receipt was dated more than two months

prior to the search, and no Samsung tablet was found in the

apartment.  The Commonwealth presented "no evidence concerning

who leased the apartment and paid the bills."  Commonwealth v.

Boria, 440 Mass. 416, 420 n.5 (2003).  We are therefore

unpersuaded by the Commonwealth's contention that the evidence

demonstrated the defendant's residence at the apartment and thus

his ability and intention to exercise control over the heroin.

---

[1] Although there was conflicting testimony regarding whether the
desk containing the bag of heroin was in the bedroom or one of
the "spare" rooms, we recite the evidence in the light most
favorable to the Commonwealth.

[2] Police also found a letter addressed to a woman at the same
address.  This woman was present outside of the apartment with
the defendant at the time of the search.

To the contrary, we conclude that there was insufficient evidence of his residence, his knowledge of the heroin, or his ability and intent to control it. See Boria, supra at 417-418 (insufficient evidence where drugs were found in same room as governmental assistance application bearing defendant's name and apartment's address). See also Commonwealth v. James, 30 Mass. App. Ct. 490, 500 (1991) (insufficient evidence where drugs were found in bedroom and defendant's unspecified personal papers were found in unknown location in apartment). Cf. Commonwealth v. Dagraca-Teixeira, 471 Mass. 1002, 1003 (2015) (sufficient evidence where defendants were present and drugs were found in close proximity to defendants' birth and baptismal certificates); Commonwealth v. Brzezinski, 405 Mass. 401, 409-410 (1989) (sufficient evidence where defendant rented apartment containing drugs and was present with incriminating paraphernalia); Commonwealth v. Clarke, 44 Mass. App. Ct. 502, 505-506 (1998) (sufficient evidence where defendant possessed

4

keys to apartment door and police found contraband in same room as his birth certificate and social security card).

The judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Wolohojian,[3]
  Englander & Brennan, JJ.[4]),

Assistant Clerk

Entered:  March 5, 2024.

---

[3] Justice Wolohojian participated in the deliberation on this case while an Associate Justice of this court, prior to her appointment as an Associate Justice of the Supreme Judicial Court.
[4] The panelists are listed in order of seniority.