The Commonwealth appeals from an order of the Superior Court allowing the defendant's motion to suppress. The defendant was arrested and indicted for trafficking in over two hundred grams of cocaine after a postal inspector discovered that a package addressed to, and procured by, the defendant contained cocaine. The judge suppressed the drugs discovered in the package reasoning that the State police and the Federal postal inspector lacked probable cause to arrest the defendant, and that the defendant's subsequent statements should be suppressed as fruit of the poisonous tree. See Commonwealth v. White, 475 Mass. 583, 596 (2016) ("Where an item is seized without probable cause, the item and its 'fruits' may not be introduced in evidence"). On appeal, the defendant advances multiple arguments including that the postal inspector lacked reasonable suspicion to remove the package from the stream of mail. We affirm.
Discussion. The parties agree that because a Federal law enforcement agent removed the package from the stream of mail during a Federal investigation, we apply Federal law to our assessment of the justification for that removal. See Commonwealth v. Pinto, 45 Mass. App. Ct. 790, 792 (1998).
A law enforcement agent may remove a package from the stream of mail only when he possesses reasonable suspicion to believe the package contains contraband. See ibid.; United States v. Allen, 990 F.2d 667, 671 (1st Cir. 1993). Such reasonable suspicion exists when an agent has "a particularized suspicion [of wrongdoing]... based upon all of the circumstances." United States v. Cortez, 449 U.S. 411, 418 (1981). This requires more than just one or two suspicious facts. See United States v. Awer, 770 F.3d 83, 91 (1st Cir. 2014), cert. denied, 135 S. Ct. 980 (2015) ("a person's nervousness and movement in a car parked in a high-crime area" alone are insufficient for reasonable suspicion). While reasonable suspicion may arise from seemingly innocent facts, see United States v. Arvizu, 534 U.S. 266, 277 (2002), a law enforcement officer must nevertheless "explain why the officer's knowledge of particular criminal practices gives special significance to apparently innocent facts." 4 LaFave, Search and Seizure § 9.5(a), at 650 (5th ed. 2012), quoting from United States v. Walker, 324 F.3d 1032, 1037 (8th Cir. 2003), cert. denied, 540 U.S. 898 (2003).
In the case before us, the postal inspector's suspicion was aroused to the content of this package because it (1) originated from Puerto Rico, a location known to him as a source for contraband; (2) had a handwritten address rather than a business label; (3) was sent via express mail (which in the inspector's experience is the manner in which drug dealers attempt to evade inspection); and (4) was excessively taped which, in the inspector's experience, indicated an attempt to secrete the package's contents.[2] The Commonwealth asserts that these seemingly innocent factors, taken together, supply the particularized level of reasonable suspicion which permits the package's removal from the stream of mail. We are not persuaded.
None of the cases cited by the Commonwealth, nor any that we have found, support a finding of reasonable suspicion to remove a package from the stream of mail based on the factors present here. In each of the cases cited by the Commonwealth, there is a plus factor that is absent here. For example, in Allen, 990 F.2d at 671, in addition to the package originating from a drug-source location, a handwritten label, and express mail designation, the recipient had received multiple similar looking packages within a short time period, the handwriting on the return address was the same as the other packages but the return address was different, and the name on one of the packages came from a sender known to have previously mailed drugs. See ibid. By comparison, none of these additional factors are present here.
In United States v. Lakosey, 462 F.3d 965, 976 (8th Cir. 2006), cert. denied, 549 U.S. 1259 (2007), in addition to the factors present in this case, there were plus factors that included a fictitious return address and a tip that drugs were being delivered to the defendant via mail. Finally, in United States v. Lozano, 623 F.3d 1055, 1060 (9th Cir. 2010), in addition to a package having a handwritten label and being heavily taped, other plus factors included an incomplete return address, fictitious names, and the fact that the defendant had inquired of the postal employee whether mail could be searched for drugs. Accordingly, we conclude the inspector here lacked reasonable suspicion to remove the package from the stream of mail. In light of our ruling, we need not reach the defendant's arguments regarding probable cause to arrest and the admissibility of the defendant's statements.[3] We agree with the judge's conclusion that other evidence obtained following the seizure of the package, including inculpatory statements made by the defendant during questioning, must be suppressed as "fruits of the poisonous tree." The order allowing the motion to suppress is affirmed.
So ordered.

The judge did not appear convinced that the box had excessive tape, and neither are we. We are in the same position as the judge because the Commonwealth only offered a picture of the package as evidence. See Commonwealth v. Bean, 435 Mass. 708, 714 n.15 (2002) (appellate court owes motion judge no deference when evaluating "content and significance" of photographs). The Commonwealth has the burden of showing a warrantless seizure was supported by reasonable suspicion, see Commonwealth v. Comita, 441 Mass. 86, 91 (2004), and it has not met that burden with regard to the taping of the package.

The judge ruled on the basis of these other grounds; however, we may affirm on any ground "supported by the record and the findings." Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997).